JORGENSEN REALTY, INC.,
Plaintiff-Appellant,

v.

John P. BOX, Richard G. McClintock,
and the Frederick R. Ross Investment
Company, Defendants-Appellees.

No. 83CA1220.

Colorado Court of Appeals,
Div. I.

May 2, 1985.

Bader & Cox, Gerald L. Bader, Jeffrey M. Villanueva, Karen Hoffman Seymour, Denver, for plaintiff-appellant.

Rothgerber, Appel & Powers, Richard K. Clark, Jan Michael Zavislan, Denver, for defendants-appellees.

STERNBERG, Judge.

The plaintiff, Jorgensen Realty, Inc., (Jorgensen) appeals an order confirming an arbitration award. We affirm.

Jorgensen and the defendants, John P. Box, Richard G. McClintock and The Frederick R. Ross Investment Company, were members of the Colorado Association of Realtors (the Association). Jorgensen filed a complaint with the Association requesting arbitration of a commission dispute with defendants. The chairman of the professional standards committee of the Association informed Jorgensen that the dispute had not been accepted for arbitration and that plaintiff was free to pursue other remedies. Jorgensen then filed a suit seeking recovery of the commission.

Shortly thereafter, however, both parties' attention was called by the Association to their right to appeal to the Association the decision not to accept the dispute for arbitration. The defendants pursued the appeals procedure, and the Association subsequently determined that the dispute was subject to mandatory arbitration. The trial court then ordered the parties to submit to arbitration, stayed further court proceedings pending arbitration, and denied Jorgensen's request for an evidentiary hearing on its claim that the Association's decision to arbitrate was arbitrary and capricious.

The panel of arbiters rendered a decision in favor of the defendants, who then moved for a trial court order confirming the award pursuant to § 13–22–213, C.R.S. Jorgensen moved to vacate the award and the trial court granted the defendants' motion to confirm the award, denied Jorgensen's motion to vacate, and dismissed Jorgensen's complaint.

We discuss first Jorgensen's contention that, by initially deciding not to arbitrate the dispute, the Association waived its jurisdiction over the matter and released plaintiff from any obligation to submit the dispute to arbitration.

■ The relationship between a voluntary association and its members is a contractual one and, by joining such an organization, a member agrees to submit to its rules and regulations and assumes the obligations incident to membership. *See Savoca Masonry Co. v. Homes & Son Construction Co.*, 112 Ariz. 392, 542 P.2d 817 (1975); *California Dental Ass'n v. American Dental Ass'n*, 23 Cal.3d 346, 590 P.2d 401, 152 Cal.Rptr. 546 (1979); *Appeal of Two Crow Ranch*, 159 Mont. 16, 494 P.2d 915 (1972). Thus, by becoming a member of the Association, Jorgensen agreed to be bound by the rules and regulations of that organization including the Association's mandatory arbitration procedures as set forth in the Association's "Code of Ethics and Arbitration Manual."

■ The manual gives the Association the authority to determine whether it will accept a dispute for arbitration and also provides that such a determination is subject to approval by the board of directors of the Association, which, in turn, may delegate its authority to an appeals panel. The provisions of the Code of Ethics and Arbitration Manual therefore contemplate appellate review within the Association of the committee chairman's initial decision not to accept a dispute for arbitration. Ac-

cordingly, the Association's actions were within the scope of the adjudicative scheme to which plaintiff agreed to be bound, and the initial decision not to arbitrate did not constitute a waiver or release from the obligation to arbitrate the dispute.

We also disagree with Jorgensen's contention that the trial court erred in failing to conduct an evidentiary hearing as to the circumstances surrounding the Association's promulgation and application of its appeal rules.

In the absence of some clearly arbitrary and unreasonable invasion of a member's rights, courts will not review the internal operation and affairs of voluntary organizations. *California Dental Ass'n v. American Dental Ass'n, supra. See also Board of Regents v. National Collegiate Athletic Ass'n,* 561 P.2d 499 (Okla.1977); *Bonneville Properties, Inc. v. Simons,* 677 P.2d 1111 (Utah 1984).

Here, the Association's Code of Ethics and Arbitration Manual provided for review of initial decisions not to accept disputes for arbitration. Jorgensen was notified of its right to appeal and was informed of the applicable appeal rules and procedures. Although approximately eighteen days elapsed between the date Jorgensen was notified of the committee chairman's initial decision and the date it was notified of its right to appeal, Jorgensen has neither alleged nor demonstrated any harm or invasion of its rights resulting from the establishment of an appellate procedure within the Association or by the arbitration proceeding which Jorgensen itself had requested. The trial court therefore did not err in denying Jorgensen's request for an evidentiary hearing.

The defendants, in their appellate brief, assert that this appeal is frivolous and therefore request imposition of sanctions pursuant to C.A.R. 38. In view of the absence of Colorado authority concerning the relationship between voluntary associations and their members, we conclude that Jorgensen's contentions on appeal were neither frivolous nor groundless. The defendants' request for sanctions is therefore denied. *See Mission Denver Co. v. Pierson,* 674 P.2d 363 (Colo.1984).

Order affirmed.

PIERCE and BERMAN, JJ., concur.