**FARMERS GROUP, INC., a California corporation, Farmers Insurance Exchange, a California corporation, and Mid-Century Insurance Company, a California corporation, Plaintiffs-Counterclaim Defendants-Appellants and Cross-Appellees,**

v.

**R. Bruce TRIMBLE, Defendant-Counterclaim Plaintiff-Appellee and Cross-Appellant.**

No. 85CA1601.

Colorado Court of Appeals,
Div. III.

May 12, 1988.

Rehearing Denied June 9, 1988.

Certiorari Dismissed Nov. 18, 1988.

Rector, Retherford, Mullen & Johnson and Neil C. Bruce, Colorado Springs, for plaintiffs-counterclaim defendants-appellants and cross-appellees.

Pryor, Carney and Johnson, P.C. and Thomas L. Roberts, Englewood, for defendant-counterclaim plaintiff-appellee and cross-appellant.

KELLY, Chief Judge.

Previous appellate proceedings resulted in the remand of this action for trial of the counterclaim asserted by defendant, R. Bruce Trimble, in which he sought recovery on the theory of bad faith breach of insurance contract. *See Farmers Group, Inc. v. Trimble,* 658 P.2d 1370 (Colo.App.1982), *aff'd,* 691 P.2d 1138 (Colo.1984). At that trial, evidence was adduced supporting the circumstances as described in the above opinions. The jury returned a verdict in favor of defendant on his counterclaim, and against plaintiff insurance companies (companies), awarding defendant $170,000 in compensatory damages. The opposing parties appeal, and we affirm.

On appeal, the companies contend that the trial court erred in denying their motion for judgment notwithstanding the verdict or, in the alternative, for new trial because 1) this court's previous opinion became the "law of the case" as to damages for emotional distress; 2) an award of damages for emotional distress requires proof of intent to cause severe emotional distress, bodily injury, or substantial other damages; 3) the evidence was insufficient as a matter of law to support the award of damages for emotional distress; and 4) Farmers Group, Inc., was not a party to the insurance contracts and, therefore, was not liable for bad faith breach of insurance contract.

On his cross-appeal, defendant contends that the trial court erred in refusing to submit the question of punitive damages to the jury, and he seeks attorney fees under § 13–17–101, et seq., C.R.S. (1987 Repl.Vol. 6A). We affirm the judgment of the trial court, but we deny Trimble's request for attorney fees on appeal.

## I. The Insurance Companies' Appeal

### A.

■ We reject the companies' contention that our previous opinion in this case constitutes the "law of the case" so as to prohibit an award of damages for emotional distress on the theory of bad faith breach of insurance contract. In our prior opinion, we expressly determined that damages for emotional distress were recoverable for bad faith breach, while rejecting recovery for such damages on a negligence claim which did not allege that defendant had been subjected to risk of bodily harm. *See Farmers Group, Inc. v. Trimble,* 658 P.2d 1370 (Colo.App.1982); *Towns v. Anderson,* 195 Colo. 517, 579 P.2d 1163 (1978).

In affirming our decision, the supreme court decided that the standard to be used

in assessing liability for bad faith breach of insurance contract is one of "reasonableness akin to that of negligence." This decision does not convert a claim for bad faith breach of insurance contract into a claim for negligence subject to the limitations on damages for emotional distress enunciated in *Towns v. Anderson, supra.* By imposing a legal duty upon the insurer to deal with its insured in good faith, the decision created a distinct cause of action in tort to be asserted where an insurer unreasonably refuses to pay a claim and fails to act in good faith, leaving undecided the kinds of injuries for which damages may be recovered. *See Farmers Group, Inc. v. Trimble,* 691 P.2d 1138 (Colo.1984).

### B.

■ The companies contend that an award of damages for emotional distress in a bad faith breach of insurance contract action must be predicated on proof of intent to cause severe emotional distress, bodily injury, or substantial other damages. We conclude that, in such an action, damages for emotional distress may properly be awarded upon a showing of substantial property or economic loss.

Emotional distress resulting from an insurer's bad faith breach of insurance contract differs from the independent torts of intentional infliction of emotional distress, which requires that a defendant intend to inflict severe emotional distress, *Rugg v. McCarty,* 173 Colo. 170, 476 P.2d 753 (1970); *CJI–Civ. 2d* 23:1 (1980), and negligent infliction of emotional distress, which requires bodily harm or substantial risk of bodily harm in order to recover damages for emotional distress, *Towns v. Anderson, supra; CJI–Civ. 2d* 9:3 (1980). The concern in a bad-faith-breach case is the substantial invasion of the insured's property interests which results in mental distress. *Gruenberg v. Aetna Insurance Co.,* 9 Cal. 3d 566, 108 Cal.Rptr. 480, 510 P.2d 1032 (1973); *Farr v. Transamerica Occidental Life Insurance Co.,* 145 Ariz. 1, 699 P.2d 376 (App.1984).

We therefore conclude that emotional distress is recoverable as an element of damages in an action for bad faith breach of insurance contract when the emotional distress results from substantial property or economic loss proximately caused by the insurer's conduct. *See Smith v. American Family Mutual Insurance Co.,* 294 N.W. 2d 751 (N.D.1980); *Gruenberg v. Aetna Insurance Co., supra; Farr v. Transamerica Occidental Life Insurance Co., supra. See also Rederscheid v. Comprecare, Inc.,* 667 P.2d 766 (Colo.App.1983); *Gorab v. Equity General Agents, Inc.,* 661 P.2d 1196 (Colo.App.1983); Restatement (Second) of Torts § 905 comment c (1977).

■ The emotional distress need not be severe to warrant recovery. By requiring a showing of substantial property or economic loss, the threat of fictitious claims is sufficiently reduced to obviate the need for a showing of intent to inflict severe emotional distress or bodily injury. *Gruenberg v. Aetna Insurance Co., supra; Crisci v. Security Insurance Co.,* 66 Cal.2d 425, 58 Cal.Rptr. 13, 426 P.2d 173 (1967).

### C.

Here, the only showing of economic loss relates to the payment of attorney fees. However, we reject the companies' contention that this evidence was insufficient to support the award of damages for emotional distress.

■ When an insured is reasonably compelled to hire an attorney to obtain benefits tortiously denied by his insurer, the attorney fees so incurred constitute economic loss caused by the tort and are recoverable as damages. *Brandt v. Superior Court,* 37 Cal.3d 813, 210 Cal.Rptr. 211, 693 P.2d 796 (1985); *contra Tynes v. Bankers Life Co.,* —— Mont. ——, 730 P.2d 1115 (1986). Likewise, attorney fees incurred in defending the underlying tort action are recoverable as damages if they are proximately caused by the insurer's bad faith breach. *See Brandt v. Superior Court, supra,* (Lucas, J., dissenting, describing "third-party tort" situation).

■ At trial, evidence was adduced showing a causal link between the companies' breach and Trimble's hiring of inde-

pendent legal counsel. The companies had rejected a settlement offer within the policy limits without disclosing the offer to Trimble. This invited a lawsuit by the injured party against Trimble seeking compensatory damages far in excess of the policy limits, as well as punitive damages. During the pendency of this underlying tort action, Trimble suffered anxiety, humiliation, loss of appetite, and insomnia. Fearing an excess judgment, Trimble felt compelled to hire an attorney to defend that action before it was finally settled. He incurred attorney fees of over $1,000 and paid approximately one-fourth of these fees.

Thus, the evidence was sufficient to establish that Trimble suffered emotional distress caused by the companies' conduct, even though there was evidence of other circumstances which may also have contributed to his emotional distress. *See Vogel v. Carolina International, Inc.,* 711 P.2d 708 (Colo.App.1985). Accordingly, the award of damages for emotional distress was proper.

### D.

■ Relying on *Gorab v. Equity General Agents, Inc., supra,* Mid-Century Insurance Company (Mid-Century) and Farmers Insurance Exchange (the Exchange) contend that Farmers Group, Inc. (Farmers), which was not a party to insurance contracts, cannot be held liable on the theory of bad faith breach of insurance contract. Because of the unique relationship between Farmers and the contracting plaintiffs, the Exchange, and Mid-Century, we disagree.

The parties stipulated that Farmers was the attorney-in-fact and management company for all of its subsidiary and affiliated insurance companies, including the Exchange and Mid-Century. As such, Farmers hired the claims adjusters and maintained and managed the claims office which processed the claims submitted by Trimble pursuant to insurance policies issued by the Exchange and Mid-Century.

Under these circumstances, strict adherence to the general rule that liability for bad faith breach may be imposed only against a party to an insurance contract would permit Farmers to shield itself from liability through the device of a management company and would deny defendant recovery from the party primarily responsible for his damages. *See Delos v. Farmers Insurance Group, Inc.,* 93 Cal.App.3d 642, 155 Cal.Rptr. 843 (1979). Thus, we conclude that, here, Farmers is liable for bad faith breach of insurance contract.

### II. Trimble's Cross-Appeal

### A.

Trimble contends that the trial court erred, as a matter of law, in refusing to submit his claim for punitive damages to the jury. We disagree.

■ Punitive damages are recoverable only pursuant to statute and are not recoverable for a breach of contract unless the conduct constituting the breach is also a tort for which punitive damages are recoverable. *See Mortgage Finance, Inc. v. Podleski,* 742 P.2d 900 (Colo.1987) (citing Restatement (Second) of Contracts § 355 (1981)); § 13–21–102, C.R.S. (1987 Rep.Vol. 6A). Bad faith breach of an insurance contract is a tort. *Farmers Group, Inc. v. Trimble,* 691 P.2d 1138 (Colo.1984).

■ However, establishment of a claim for bad faith breach of insurance contract alone is not sufficient to establish a claim for punitive damages. *Savio v. Travelers Insurance Co.,* 678 P.2d 549 (Colo.App.1983), *aff'd in part, rev'd in part,* 706 P.2d 1258 (Colo.1985). Entitlement to an award of punitive damages also requires that "the injury complained of [be] attended by circumstances of fraud, malice, or willful and wanton conduct." Section 13–21–102, C.R.S. (1987 Repl.Vol.6A); *Palmer v. A.H. Robins Co.,* 684 P.2d 187 (Colo.1984); *Vogel v. Carolina International, Inc., supra.* Whether the evidence is sufficient to warrant submission of the question of punitive damages to the jury is a question of law. *Palmer v. A.H. Robins Co., supra; Mince v. Butters,* 200 Colo. 501, 616 P.2d 127 (1980).

1248

In refusing to submit the question of punitive damages to the jury, the trial court ruled that Trimble had established that the companies acted unreasonably in reserving their rights under the insurance policy with respect to claims asserted against Trimble's son, but that Trimble had failed to show beyond a reasonable doubt that the companies' reservation of rights, which was required to be timely to avoid waiver, was wanton or in reckless disregard of Trimble's rights and feelings. *See* § 13–25–127(2), C.R.S. (1987 Repl.Vol. 6A). The record supports this determination. Accordingly, we find no error.

## B.

In light of the absence of Colorado authority governing an award of damages for bad faith breach of insurance contract, we conclude that the companies' appeal did not lack substantial justification. Therefore, Trimble's request for attorney fees under § 13–17–101, et seq., C.R.S. (1987 Repl.Vol.6A) is denied. *See Mission Denver Co. v. Pierson,* 674 P.2d 363 (Colo. 1984); *Jorgensen Realty, Inc. v. Box,* 701 P.2d 1256 (Colo.App.1985).

Judgment affirmed.

TURSI and CRISWELL, JJ., concur.