1997 OK 71

Joyce Carlene OLIVER, Appellant,

v.

**FARMERS INSURANCE GROUP OF COMPANIES and Farmers Group, Inc., Appellees.**

No. 87550.

Supreme Court of Oklahoma.

June 3, 1997.

Jeff L. Hartmann, James M. Elias, Shdeed & Hartmann, Oklahoma City, for Appellant, Joyce Carlene Oliver.

Greg D. Givens, Michael Woodson, Edmonds, Cole, Hargrave, Givens & Witzke, Oklhoma City, for Appellees, Farmers Insurance Company, Inc., Farmers Insurance Group of Companies.

SUMMERS, Vice Chief Justice:

¶1 Plaintiff Joyce Carlene Oliver has a claim pending against her insurer for bad faith in the handling of her alleged loss under her uninsured motorist policy. She has named three other parties as defendants, claiming all are responsible as members of the Farmers Insurance Group. The order appealed grants summary judgment to two of the four defendants as being improper parties.[1] The Court of Civil Appeals affirmed. On certiorari we reverse and remand.

¶2 Plaintiff's original suit was against Farmers Insurance Company, Inc. for uninsured motorist benefits and bad faith breach of contract. The trial court granted summary judgment to the defendant on the bad faith claim. She appealed and the Court of Civil Appeals reversed, finding material facts in dispute. During this time the uninsured motorist claim was settled.

¶3 Oliver refiled her bad faith claim against Farmers Insurance Company Inc.,

but added as additional defendants "Farmers Insurance Group of Companies", "Farmers Insurance Exchange" and "Farmers Group, Inc." Farmers Insurance Group of Companies and Farmers Group Inc. filed motions for summary judgment, alleging that they are improper defendants in this bad faith lawsuit. Farmers Insurance Exchange did not seek summary judgment. Farmers Insurance Group of Companies offered an affidavit that it is not a corporate entity; rather it is only a collective name for a group of corporations and inter-insurance exchanges. Farmers Group Inc. stated that it is not licensed to transact insurance business in Oklahoma; it is only a management company for various insurance branches of Farmers Insurance Company. It urges that it is separate and distinct, that it had no contractual relationship with Oliver, and cannot be liable for bad faith.

¶4 Oliver opposed the motions for summary judgment. She presented an organizational chart detailing the hierarchy of the Farmers companies,[2] and an affidavit of the former Oklahoma Insurance Commissioner. The affidavit of former commissioner Gerald Grimes states:

> ... [I]t is my opinion that Farmers Insurance Group is comprised of property and casualty insurers including Farmers Insurance Company, Inc., and others, who operate under a common management through Farmers Group, Inc., and pool 100% of their business, and all premiums, expenses and losses are prorated among the pooled members in accordance with the percentages contained in the pooling agreement ... The economic reality is Farmers Insurance Group is but one entity that is supervised and managed by Farmers Group, Inc.

His opinion was based on an industry-accepted report which rates insurance companies.

¶5 The trial court granted summary judgment to the two defendants, and Oliver appealed. The Court of Civil Appeals af-

---

1. Although the order resolved the liabilities of less than all defendants it is appealable because the trial court declared that there was no just reason for delay and directed the filing of a judgment, decree, or final order. 12 O.S.1995 Supp. § 994(A).

2. The chart is attached as an appendix to the opinion.

firmed. We reverse and remand for further proceedings.

¶ 6 Summary judgment is proper when there are no material facts in dispute. *Indiana Nat'l Bank v. Dept. of Human Serv.*, 857 P.2d 53, 59 (Okla.1993). A court may look beyond the pleadings at evidentiary materials to decide whether there are any material facts disputed which remain for resolution by the trier. *Id.; Flanders v. Crane,* 693 P.2d 602, 605 (Okla.1984). The court may not weigh the evidence, but may only review the evidence to determine whether there is a factual dispute. *Id.; Stuckey v. Young Exploration Co.,* 586 P.2d 726, 730 (Okla.1978). All inferences must be taken in favor of the party opposing the motion. *Seitsinger v. Dockum Pontiac Inc.,* 894 P.2d 1077, 1079 (Okla.1995). If reasonable people could differ as to the facts, the matter is not proper for summary judgment. *Indiana Nat'l Bank,* at 59.

¶ 7 Plaintiff is candid in disclosing her motive in naming the additional defendants. She bought the insurance through an agency that advertised as representing the "Farmers Insurance Group". Her policy was actually written with "Farmers Insurance Company, Inc.", a Kansas corporation and rather small subsidiary. In her bad faith claim for punitive damages she hopes to be allowed to show the worth of more than just the Kansas subsidiary.

¶ 8 First we consider the motion of Farmers Group, Inc. If one corporation is simply the instrumentality of another corporation, the separation between the two may be disregarded and treated as one for the purpose of tort law. *Frazier v. Bryan Memorial Hosp. Authority,* 775 P.2d 281, 288 (Okla.1989); *Tara Petroleum Corp. v. Hughey,* 630 P.2d 1269, 1275 (Okla.1981). The question hinges primarily on control. *Frazier* listed 10 factors which may be considered: (1) the parent corporation owns most or all of the stock; (2) the corporations have common officers or directors; (3) the parent provides financing to the subsidiary; (4) the dominant corporation subscribes to all the other's stock; (5) the subordinate corporation is under capitalized; (6) the parent pays the salaries, expenses or losses of the subsidiary; (7)

a great deal of business is with parent corporation or assets of the former were conveyed to the other corporation; (8) the parent refers to the subsidiary as a division or department; (9) the subsidiary follows directions from the parent's officers or directors; (10) legal formalities for keeping the entities separate are observed. *Id.* at 288. Also important is the commonality of purpose between the corporations. *Id.*

¶ 9 Mr. Grimes' affidavit states that the entire Farmer's Insurance Group is "supervised and managed by Farmer's Group, Inc." The organizational chart before us shows that Farmer's Group, Inc. manages Farmers Insurance Exchange, one subsidiary of which is Farmers Insurance Co., Inc., the plaintiff's Kansas corporation. (Farmer's Insurance Exchange did not seek summary judgment.)

¶ 10 Two other courts faced with this exact question have dealt with this particular defendant. *Farmers Group, Inc. v. Trimble,* 768 P.2d 1243 (Col.Ct.App.1988); *Delos v. Farmers Insurance Group, Inc.,* 93 Cal. App.3d 642, 155 Cal.Rptr. 843 (1979). Both courts held that as the management company and attorney-in-fact for all of its subsidiary and affiliated companies, it could be held liable for bad faith breach of contract. *Trimble,* at 1246; *Delos,* 155 Cal.Rptr. at 848. *Delos* specifically rejected the assertion that as the management company it was not involved in the business of insurance. *Delos,* at 850.

¶ 11 Clearly, there is conflicting evidentiary material in our record regarding the status of Farmers Group, Inc. as defendant. Without weighing the credibility of the evidence, but taking all inferences in favor of the party opposing the motion, it is clear that Farmers Group, Inc. is related to and involved in the same insurance group as Farmers Insurance Company, Inc., the original defendant. The issues posed by *Frazier* are questions for a fact finder, and will determine the management company's liability, or lack of it. Those issues, together with the former insurance commissioner's affidavit which states that all the assets of the companies are pooled, and liabilities paid from this

common pool, raise questions which should be resolved by a trier of fact.

¶ 12 The Farmers Insurance Group of Companies asserts a different defense: that it is an improper defendant because it is not a legal entity, and is therefore not subject to legal process. The assistant secretary of Farmers Insurance Exchange stated in his affidavit that the association had never been a corporate entity. He stated that "Farmers Insurance Group of Companies" and "Farmers Insurance Group" were merely federally registered service marks [3] used in marketing the Companies' services.

¶ 13 Title 12 O.S.1991 Section 182 reads as follows:

> When any two or more persons associate themselves together and transact business for gain or speculation under a particular appellation, not being incorporated, they may be sued by such appellation without naming the individuals composing such association and service of process may be had upon such association by personal service as provided by law for service of summons in civil actions....

At common law such a voluntary, unincorporated association could not be sued under its name because it did not have a legal status apart from that of its individual members, as we observed in *Couch v. Internat'l Brotherhood of Teamsters*, 302 P.2d 117, 119 (Okla. 1956). "Because of the unjustness of the rule in present day society, it has been modified in many jurisdictions." *Id.* Section 182 was our statutory modification of the common law rule. *Id.* In *Couch* we allowed suit against the unincorporated labor union to proceed, citing the statute which had been enacted in 1931. *Id.*

¶ 14 This modification has been tested in a situation almost identical to the case before us. In *Graham v. Lloyd's of London*, 296 S.C. 249, 371 S.E.2d 801 (Ct.App.1988), the South Carolina court faced the same issue we have today. There an insured brought suit against Lloyd's of London, seeking damages which he suffered due to a fire in his building. Lloyd's defended by arguing that it could not be sued, as it was not a legal entity. An affidavit of the general counsel for Lloyd's stated that it was not a legal association or a corporation, but that Lloyd's of London was merely a service mark.

¶ 15 The Court pointed out that this argument might have had merit under the common law, but that South Carolina had modified its common law by enacting a statute to allow such suits. The statute, S.C.Code 1976, Section 15–5–160, stated "[a]ll unincorporated associations may be sued and proceeded against under the name and style by which they are usually known without naming the individual members of the association." The Court continued by holding that clearly the organization was in the business of insuring against risks. "Whatever else it may be Lloyd's is the common name under which a particular group of insurance underwriters conduct their business. Therefore under Section 15–5–160 Graham may proceed against the underwriters under that name."

¶ 16 We find this case persuasive. No one suggests that the companies which "associate themselves together" in the Farmers Group do not "transact business for gain." Whatever else Farmers Insurance Group of Companies does, it is clearly a name under which a number of Farmers-related companies insure against risks. Under our section 182 Oliver may properly bring suit against Farmers Insurance Group of Companies. Any ultimate liability of companies in The Group other than the original defendant would be dependent on the plaintiff's ability to show the "control" factors articulated in *Frazier, supra.* The trial court incorrectly sustained the motion for summary judgment.

¶ 17 The opinion of the Court of Civil Appeals is vacated. The judgment of the District Court is reversed and the case remanded for further action consistent with this opinion.

---

3. Blacks Law Dictionary (Fifth Edition) defines: Service mark. A mark used in the sale or advertising of services to identify the services of one person and distinguish them from the services of others. Title, character names and other distinctive features of radio or television programs may be registered as service marks notwithstanding that they or the programs, may advertise the goods of the sponsor. 15 U.S.C.A. Section 1127.

¶ 18   KAUGER, C.J., and HODGES, LAVENDER, OPALA, WILSON and WATT, JJ., concur.

¶ 19   SIMMS, J., dissents.

¶ 20   HARGRAVE, J., disqualified.

APPENDIX

ANNUAL STATEMENT FOR THE YEAR 1994 OF THE FARMERS INSURANCE EXCHANGE

SCHEDULE Y - INFORMATION CONCERNING ACTIVITIES OF INSURER MEMBERS OF A HOLDING COMPANY GROUP

PART 1 - ORGANIZATIONAL CHART