1998 OK CIV APP 87

Richard C. MUNSON, Plaintiff/Appellant,

v.

MISSOURI–PACIFIC RAILROAD COMPANY d/b/a Union Pacific, a Delaware corporation, State of Oklahoma, The City of Porter by and through the Porter City Council, the Oklahoma Department of Transportation by and through the State of Oklahoma, Defendants,

Wagoner County by and through the Board of County Commissioners of Wagoner County, Defendant/Appellee.

No. 90673.

Court of Civil Appeals of Oklahoma, Division No. 1.

May 1, 1998.

Leslie C. Weeks, Jeffrey A. Glendening, Tulsa, for Plaintiff/Appellant.

James L. Gibbs, Oklahoma City, for Defendant/Appellee.

## MEMORANDUM OPINION

CARL B. JONES, Vice Chief Judge:

¶1 Late on New Year's Eve of 1995 or early on the morning of New Year's Day of 1996, the time being uncertain, Plaintiff/Appellant Richard Munson was driving north down an unpaved county road on his way back to Coweta, Oklahoma, after trying to find some friends in the nearby town of Porter. Three weeks earlier, a bridge spanning some railroad tracks and connecting two parts of the road had been destroyed by fire. Munson drove his car off the end of the road where the bridge used to be, plunged twenty-five feet onto the tracks, and was seriously injured. He later sued several parties, including Defendant/Appellee Wagoner County [County]. The trial court rendered summary judgment for County and Munson appeals.[1]

¶2 With its motion for summary judgment, County asserted the following material facts: The bridge, owned by the defendant railroad, burned on December 5, 1995. The same day, County erected barricades and constructed three-foot-tall berms across the width of the northbound and southbound approaches to the bridge. On the night of the accident, Munson noticed what appeared

1. Claims against all other defendants were resolved either by dismissal or settlement.

to be a pile of dirt or maybe an old, decayed hay bale about two or three feet high which he avoided by moving his car some to the right side of the road. County further asserted that Munson had no evidence to show County had notice of other accidents at the same location or a record of anyone contacting the county commissioners to say the barricades were absent, moved, or damaged.

¶ 3 County argued that it was entitled to judgment as a matter of law based on these facts because (1) it had erected berms and barricades after the bridge burned; (2) it had no duty to maintain the bridge itself, which was owned by the railroad; (3) the exemption from waiver of sovereign immunity in the Governmental Tort Claims Act [GTCA], 51 O.S.Supp.1994 § 155(15),[2] applied because County had neither actual nor constructive notice of the absence, destruction, misplacement, or malfunction of the berms and barricades; and (4) the condition of the roadway (i.e., the absence of the bridge) was open and obvious, thereby negating any duty on the part of County to warn Munson about the condition.

¶ 4 Munson responded that he did not see any barricades on the road that night, that he drove around a pile of dirt or an old hay bale, that he had never before driven on that road at night, and that he did not see any road sign except one stating the weight limit for vehicles driving over the bridge. Munson's response included evidentiary materials from his father's deposition that his father visited the scene of the accident on the evening of January 1, 1996, with one of plaintiff's friends who lived close by, and he saw some part of a round hay bale in the road on the northbound approach to where the bridge had been, and also saw there a barricade laid over in a ditch next to the road. Munson's friend, he said, remembered two barricades one-half mile south of the small pile of dirt, one in the ditch as Munson's father described and the other blocking a small part of the other way of travel around the berm by two or three feet.

¶ 5 Munson argued, based on his evidentiary materials and the last sentence of § 155(15)[3], that the burned-out bridge was a "special defect" to which the exemption for absence, condition, location, or malfunction of signs, signals, or warnings did not apply. And, he argued, the burned-out bridge was not an open and obvious condition such as would relieve County of a duty to warn of the danger it presented.

¶ 6 The trial court heard the arguments of the parties, and, after stating its inclination to grant County's motion, allowed Munson a chance to supplement his response. So far as we can discern, Munson failed to add to the evidentiary record any substantial evidence to controvert the material facts which the trial court had to consider, and did not add any meaningful legal argument.

■ ¶ 7 Summary judgment is proper only when there is no dispute between the parties as to any material fact and one party is entitled to judgment as a matter of law. *Oliver v. Farmers Ins. Group of Cos.*, 1997 OK 71, ¶ 6, 941 P.2d 985, 987. In this case, the parties dispute much of what was asserted as "facts" in the trial court, but each side seems to recognize that this appeal will stand or fall upon our construction of § 155(15). Munson relied on his assertion that the absent bridge was a "special defect," and that question is one of legal cognizance for the

---

2. The cited section and subdivision provide that a governmental subdivision shall not be liable if a loss or claim arose from:

"Absence, condition, location or malfunction of any traffic or road sign, signal or warning device unless the absence, condition, location or malfunction is not corrected by the state or political subdivision responsible within a reasonable time after actual or constructive notice or the removal or destruction of such signs, signals or warning devices by third parties, action of weather elements or as a result of traffic collision except on failure of the state or political subdivision to correct the same within

a reasonable time after actual or constructive notice. Nothing herein shall give rise to liability arising from the failure of the state or any political subdivision to initially place any of the above signs, signals or warning devices. The signs, signals and warning devices referred to herein are those used in connection with hazards normally connected with the use of roadways or public ways and do not apply to the duty to warn of special defects such as excavations or roadway obstructions."

3. *Supra*, note 2.

court to decide. *Accord, State Dept. of Highways & Pub. Transp. v. Payne,* 838 S.W.2d 235, 238 (Tex.1992).

¶ 7 In *Robertson v. City of Jones,* 1991 OK CIV APP 133, 832 P.2d 432, *cert. denied, released for pub.,* another division of this Court considered the same "special defect" argument regarding a sharp, unmarked turn. The court said:

The examples given in section 155(15) of what may be considered special defects are excavations or roadway obstructions. These examples are not exclusive but they do have common denominators that would be expected in other examples of special defects. For instance, both indicate *something on the roadway, temporary obstructions, and conditions which are not ordinarily found on roadways.* A turn in the road is planned and built into the roadway. A turn cannot be considered a special defect; should it be considered so here, roads would become littered with signs of warning to protect each political subdivision in Oklahoma.

*Robertson,* 1991 OK CIV APP 133 at ¶ 9, 832 P.2d at 434 (emphasis added).[4]

¶ 8 *Robertson* is distinguishable on its facts because the defendant municipality in that case never erected signs to warn about the sharp curve. If the curve qualified as a special defect and the municipality failed to provide any warning, the exemption in § 155(15) would not have applied.

¶ 9 But, County in this case undertook to place barriers and construct berms to prevent persons from reaching the gap in the roadway caused by destruction of the bridge. Therefore, *even if the burned-out bridge constituted a special defect,* the issue reduced to whether County had actual or constructive notice that the protective measures it had taken might have become ineffective. There is no permissible inference from the evidentiary record before us that County had such actual or constructive notice.

¶ 10 Application of the exemption in the GTCA obviates the necessity to discuss the other issues raised below. County was immune from liability in tort for injuries suffered by Munson. Accordingly, the trial court judgment must be AFFIRMED.

JOPLIN, P.J., and GARRETT, J., concur.

---

4. Texas has similar language in its tort claims act, *see* Tex. Civ. Prac. & Rem.Code Ann., § 101.060 (Vernon 1997), and several published decisions discussing the meaning of "special defect." The decisions appear to agree with the court in *Robertson* that a "special defect" is an unusual condition which poses a threat to the ordinary user of the road or highway, and that the tort claims act's restrictions on liability are abrogated *only* when there is a failure to warn of the special defect. *See, e.g., Maxwell v. Texas Dept. of Transp.,* 880 S.W.2d 461, 464–65 (Tex.Ct. App.1994), and authorities cited there; *see also Payne, supra,* 838 S.W.2d at 239 n. 3.