Opinion by
KENNETH L. BUETTNER, Judge.
[ 1 The parties are realtors. Plaintiff Rogers Realty, Inc. sued Defendants Jean Lyall Smith and Mary Louise Smith for interfering with the listing agreement and thus depriving it of a sales commission. Defendants moved to dismiss the lawsuit claiming that the matter should be submitted to arbitration pursuant to the Code of Ethics and Standards of Practice of the National Association of Realtors®. The trial court treated the Motion to Dismiss as a Motion for Summary Judgment, found that there were no material facts in controversy and that Defendants were entitled to judgment as a matter of law. It then dismissed the lawsuit. We affirm.
T2 In response to the Motion to Dismiss, Plaintiff argued that it had no contract with Defendants and, consequently, no "contractual dispute" as envisioned by Article 17 of the Code which would require arbitration. *72 Plaintiff also contended that there was not a "specific non-contractual dispute" as listed by the Code applicable to the parties' situation. Plaintiff admitted that it had a contractual agreement with the National Association of Realtors®, but maintained it did not have a contractual relationship with Defendants.
I3 Article 17 of the Code states:
In the event of contractual disputes or specific non-contractual disputes as defined in Standard of Practice 17-4 between REALTORS® (principals) associated with different firms, arising out of their relationship as REALTORS®, the REALTORS® shall submit the dispute to arbitration in accordance with the regulations of their Board or Boards rather than litigate the matter.
Hoke ok
© Standard of Practice 17-1
The filing of litigation and refusal to withdraw from it by REALTORS® in an arbi-trable matter constitutes a refusal to arbitrate. (Adopted 2/86)
© Standard of Practice 17-2
Article 17 does not require REALTORS® to arbitrate in those circumstances when all parties to the dispute advise the Board in writing that they choose not to arbitrate before the Board. (Amended 1/98) -
® Standard of Practice 17-8
REALTORS®, when acting solely as principals in a real estate transaction, are not obligated to arbitrate disputes with other REALTORS® absent a specific written agreement to the contrary. (Adopted 1/96)
© Standard of Practice 17-4
Specific non-contractual disputes that are subject to arbitration pursuant to Article 17....[1]
1 4 We have not found any Oklahoma cases on point, but cases from other states support Defendants' position. In Elbadramany v. Stanley, 490 So.2d 964 (Fla.App.1986), the parties were real estate brokers and Realtor members of the Daytona Beach Board of Realtors, Inc. A dispute about a commission arose between the parties. - Elbadramany filed for arbitration with the Board. The parties' application to be members of the Board contained their agreements to abide by the Code of the National Association of Realtors as well as with the rules of their local board. The Daytona Board's by-law, Article VI(k) stated, in part:
Professional disputes between REALTOR members or between firms, partnership, corporations or trusts with which a REALTOR member is associated, shall be settled through arbitration process as provided in ARTICLE VIII, ARBITRATION, rather than by recourse to other tribunals.
T5 Rejecting an argument that there was no contract between the parties, the draomany Court held: "The constitution and by-laws of a voluntary association, when subscribed or assented to by the members, becomes a contract between each member and the association." Id. at 966.
T6 Likewise, in Jorgensen Realty, Inc. v. Box, 701 P.2d 1256 (Colo.App.1985), two realtors had a dispute over a commission. Both were members of the Colorado Association of Realtors. Although deciding a separate matter, the Jorgensen Court stated the settled law: "The relationship between a voluntary association and its members is a contractual one and, by joining such an organization, a member agrees to submit to its rules and regulations and assumes the obligations incident to membership." Id. at 1257.
1 7 We hold that when realtors voluntarily submit to their organizations' authority, then they are bound by its rules. The dispute at issue arose out of Plaintiff's and Defendants' relationship as REALTORS and should have been submitted to arbitration pursuant to Article 17 of the Code. Oklahoma favors arbitration.[2]
1 8 Based on the fact that all parties to the lawsuit at bar have submitted to the membership requirements of the Code, are REALTORS, and have an arbitrable dispute, *73 then trial court did not err in dismissing the matter. We AFFIRM the order dismissing the lawsuit.
ADAMS, P.J., dissents with separate opinion; JOPLIN, C.J., concurs.

. 17-4 lists four specific non-contractual disputes. Because we find the parties indeed had a contractual dispute, we are not listing the four non-contractual disputes.

. Oklahoma adopted the Uniform Arbitration Act in 1978. 15 0.S. § 801 et seq.