**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**September 7, 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

ROGER DARIN EAVES,

       Plaintiff-Appellant,

v.

FIREMAN'S FUND INSURANCE
COMPANIES; AMERICAN
AUTOMOBILE INSURANCE
COMPANY, A Fireman's Fund
Insurance Company, foreign insurers
authorized to do business in
Oklahoma;

       Defendants-Appellees,

and

NATIONAL SURETY
CORPORATION, a Foreign
corporation,

       Defendant.

No. 04-6156
(D.C. No. 03-CV-863-M)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, **ANDERSON**, and **MURPHY**, Circuit Judges.

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

_____

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

In this insurance contract dispute, Roger Darin Eaves alleges breach of his automobile insurance contract and bad faith on the part of American Automobile Insurance Company (AAIC), and bad faith on the part of Fireman's Fund Insurance Company (FFIC), the company with which he dealt in securing the insurance contract and making his claim. The district court entered summary judgment in favor of FFIC on the ground that it had no duty to act in good faith towards Mr. Eaves, and in favor of AAIC on the grounds that AAIC had a reasonable dispute regarding coverage and that Mr. Eaves had not presented sufficient evidence reasonably tending to show bad faith or unreasonable conduct by AAIC. We exercise our jurisdiction under 28 U.S.C. § 1292 and reverse.

BACKGROUND

On appeal, we view the facts in the light most favorable to Mr. Eaves. *McKnight v. Kimberly Clark Corp.*, 149 F.3d 1125, 1128 (10th Cir. 1998). Mr. Eaves made his living selling, trading and repairing brand name tools from his van. Mr. Eaves had an insurance policy with AAIC covering the van and its

-2-

contents. Mr. Eaves dealt exclusively with FFIC in securing his policy and believed that FFIC had issued the same. Mr. Eaves' van was subsequently stolen and then burned. Some of the van's contents were stolen and the rest were burned with the van. Mr. Eaves filed an insurance claim with FFIC and FFIC assigned a special investigator to investigate the claim. Although FFIC told Mr. Eaves that it intended to discuss settlement of the claim, FFIC's investigator informed the detective investigating the theft of the van that:

> there were big discrepancies between the stories and alibis of [Mr. Eaves] and his wife, that Mr. Eaves had removed a tire from the truck prior to the theft and had sorted through tools leaving the broken tools in a pile but presumably removing the good tools, and that [Mr. Eaves] had failed a polygraph test.

App. at 51. After the investigator urged the detective to encourage the district attorney's office to prosecute, Mr. Eaves was charged with arson and two counts of insurance fraud, a fact that was reported in a local newspaper. Mr. Eaves was charged despite the fact that the investigating detective stated that his investigation "simply found no direct evidence that [Mr. Eaves] was involved in the theft and arson of the truck" and that "based upon [his] personal investigation and knowledge there was no physical evidence or other leads available to solve the crime." *Id*. at 50-51. According to the assistant district attorney involved with the case, "it was [the investigator] who instigated and encouraged the filing of the theft and arson and insurance fraud criminal charges against [Mr. Eaves],"

and that if it were not for the actions taken by the investigator, no charges would have been filed against Mr. Eaves. *Id*. at 67.

Following the charges being filed, FFIC's investigator was subpoenaed to appear at the preliminary hearing in the criminal case and to turn over his file on the investigation for examination. He failed to either appear or turn over his file, although the hearing was rescheduled once, evidently at his request. The charges against Mr. Eaves were therefore dropped since the assistant district attorney was "relying upon [the investigator] as [her] primary and essential witness to prove the charges." App. at 67. AAIC subsequently paid the lienholder on Mr. Eaves' van $40,908.17, but paid Mr. Eaves nothing. Mr. Eaves filed suit against AAIC and FFIC seeking damages for breach of contract and bad faith against AAIC, and for bad faith against FFIC.[1]

The district court subsequently granted AAIC's and FFIC's motion for summary judgment. The district court agreed with FFIC's argument that it could not be liable for breaching the implied covenant of good faith because it had no contractual relationship with Mr. Eaves. The district court also agreed with AAIC's argument that it also had no bad faith liability because a legitimate dispute existed as the sufficiency of Mr. Eaves' insurance claim and that

---

[1]    Mr. Eaves also sued National Surety Corporation, but that party was later dismissed from the suit with Mr. Eaves' consent.

-4-

Mr. Eaves had not presented sufficient evidence reasonably tending to show bad faith or unreasonable conduct. Although neither party had argued the issue, the district court also granted summary judgment to AAIC on Mr. Eaves' breach of contract claim. Mr. Eaves appealed.

## ANALYSIS

"We review a grant of summary judgment *de novo*, applying the same standard as the district court." *McKnight*, 149 F.3d at 1128. Under Fed. R. Civ. P. 56(c), summary judgment should be entered by the district court "if the pleadings depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." On appeal,

> [w]e examine the record to determine whether any genuine issue of material fact was in dispute; if not, we determine whether the substantive law was applied correctly, and in so doing we examine the factual record and reasonable inferences therefrom in the light most favorable to the party opposing the motion.

*McKnight*, 149 F.3d at 1128 (brackets and quotations omitted).

When determining whether summary judgment should be granted as to a certain issue, a court must consider who will bear the ultimate burden of persuasion on that issue at trial. If a party moving for summary judgment will bear the ultimate burden of persuasion on the issue at trial, that party must submit

-5-

enough evidence in support of its motion that it would be entitled to a directed verdict at trial if the evidence is not controverted. *Anderson v. Dep't of Health & Human Servs.*, 907 F.2d 936, 947 (10th Cir. 1990). In other words, it must present evidence showing that no issue exists regarding the material facts, and that those facts prove all of the elements of its case and disprove any pleaded affirmative defenses. If the moving party does not meet this initial burden of production, summary judgment may not be granted, even if the non-moving party fails to respond. *Trainor v. Apollo Metal Specialties, Inc.*, 318 F.3d 976, 979 (10th Cir. 2002). If the moving party does meet this initial burden of production, the opposing party must produce evidence demonstrating that a genuine issue does exist regarding a material fact, *Anderson*, 907 F.2d at 947, or submit an affidavit requesting additional time for discovery under Fed. R. Civ. P. 56(f), *Culver v. Town of Torrington*, 930 F.2d 1456, 1458-59 (10th Cir. 1991).

Where the moving party does *not* have the ultimate burden of persuasion at trial on an issue, it still has "both the initial burden of production on a motion for summary judgment and the burden of establishing that summary judgment is appropriate as a matter of law." *Trainor*, 318 F.3d at 979. "The moving party may carry its initial burden by producing affirmative evidence negating an essential element of the nonmoving party's claim, or by showing that the nonmoving party does not have enough evidence to carry its burden of persuasion

-6-

at trial." *Id*. If it chooses to show that the nonmoving party does not have enough evidence to carry its burden of persuasion at trial, it must make more than simple conclusory assertions to that effect, otherwise summary judgment "would be converted into a tool for harassment." *Windon Third Oil & Gas Drilling P'ship v. FDIC*, 805 F.2d 342, 345-46 n.7 (10th Cir. 1986) (quotation omitted). In other words, the moving party must affirmatively demonstrate that there is no evidence in the record to support judgment for the non-moving party. *Hanson v. F.D.I.C.*, 13 F.3d 1247, 1253 (8th Cir. 1994).

> If a moving party fails to carry its initial burden of production, the nonmoving party has no obligation to produce anything, even if the nonmoving party would have the ultimate burden of persuasion at trial. In such a case, the nonmoving party may defeat the motion for summary judgment without producing anything.

*Trainor*, 318 F.3d at 979 (quoting *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102-03 (9th Cir. 2000)). If a moving party that would not have the burden of persuasion at trial files a properly supported motion for summary judgment and shows that the nonmoving party does not have enough evidence to carry its burden of persuasion at trial, and the nonmoving party fails to go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial, then entry of summary judgment is mandated. *Celotex Corp. v. Catret*, 477 U.S. 317, 322 (1986). The non-moving party may designate specific facts

showing a genuine issue for trial through affidavits, depositions, answers to interrogatories, or admissions on file. *Id*. at 324.

I. Breach of Contract Claim against AAIC.

Mr. Eaves' complaint alleged a breach of contract and sought damages for the claimed value of the van and its contents minus the amount paid to the lienholder. AAIC failed to make payment to Mr. Eaves, evidently on the ground that he had burned his own van. "The plea of nonliability [under an insurance policy covering fire damage], because same resulted from fire of incendiary origin, [is] an affirmative defense. The party asserting an affirmative defense bears the burden of producing evidence in support thereof, and must prove every essential fact by a fair preponderance of evidence." *Pac. Ins. Co. of New York v. Frank*, 452 P.2d 794, 796 (Okla. 1969). Consequently, AAIC would have the burden at trial of proving Mr. Eaves' alleged responsibility.

Defendants' motion for summary judgment sought summary judgment on the issue of breach of contract and the tort of bad faith. Defendants' brief in support of its motion, however, neither addressed the breach of contract claim nor presented any evidence regarding Mr. Eaves' alleged culpability. Mr. Eaves' response to defendants' motion also did not address the breach of contract claim. The district court, nevertheless, granted summary judgment to AAIC on the breach of contract claim. This was error. While the record is clear that

Mr. Eaves' truck was burned and that some of the tools that were in the truck were missing and the remainder burned, no evidence was presented as to Mr. Eaves' culpability in the incident. While Mr. Eaves' response *did* present affidavits of a detective and an assistant district attorney who were involved in the case that discussed the actions of FFIC's investigator, no affidavit was presented from the investigator, nor was any evidence presented from the alleged investigation. Since the investigator's statements to the authorities would clearly be hearsay as to Mr. Eaves' alleged culpability, and the investigating detective averred that the official investigation revealed no evidence that Mr. Eaves committed arson, granting summary judgment to AAIC on the breach of contract claim was improper.

## II. Bad Faith Claim Against FFIC.

Mr. Eaves would have had the ultimate burden of persuasion at trial on the issue of whether FFIC acted in bad faith. *Buzzard v. Farmers Ins. Co., Inc.*, 824 P.2d 1105, 1109 (Okla. 1991). The parties agree that contracts in Oklahoma contain an implied duty of good faith. The parties also agree that Mr. Eaves' insurance contract was with AAIC and not FFIC and that generally a bad faith action may not be brought against a party that has no contractual relationship with the plaintiff.

On summary judgment, FFIC undertook to satisfy its initial burden of production by producing affirmative evidence negating an essential element of Mr. Eaves' claim: to-wit, it sought to show that it did not have a contractual relationship with Mr. Eaves and that, therefore, under the general rule stated above, it had no duty of good faith toward Mr. Eaves. As support for this claim, FFIC submitted the affidavit of its assistant secretary stating that FFIC "had no contractual relationship with [Mr. Eaves]" and that FFIC "provides claims handling and adjusting services for [AAIC]." App. at 26.

The fatal flaw in FFIC's motion lies in the fact that "[t]he essence of the tort of bad faith, as it is recognized in Oklahoma, is the *unreasonableness* of the insurer's actions," *Conti v. Republic Underwriters Ins. Co.*, 782 P.2d 1357, 1360 (Okla. 1989), and, as recognized by the district court, there are some situations where a duty of good faith exists despite the absence of an express contractual relationship. *Wathor v. Mut. Assurance Adm'rs, Inc.*, 87 P.3d 559, 562-63 (Okla. 2004).[2] Consequently, FFIC could have had *no* express contractual relationship

---

[2]     The district court expressly examined the Oklahoma Supreme Court holding in *Wathor* that:

> the imposition of a nondelegable duty on the insurer does not necessarily preclude an action by an insured against a plan administrator for breach of an insurer's duty of good faith. . . .
>
> . . . .

(continued...)

-10-

with Mr. Eaves and *still* have been liable for bad faith.  As a result, FFIC did not meet its initial burden of production with regard to its attempt to negate an essential element of Mr. Eaves' bad faith claim since a contractual relationship is not an essential element of the claim.

Further, FFIC made no attempt to take the other avenue open to it:  to affirmatively demonstrate that no evidence in the record supported judgment for Mr. Eaves.  FFIC did not make even a conclusory allegation that Mr. Eaves could not prove bad faith.  *Windon Third Oil & Gas Drilling Partnership*, 805 F.2d at 345-46 n.7.  Therefore, entry of summary judgment was error.  It would have been

---

[2](...continued)

> In a situation where a plan administrator performs many of the tasks of an insurance company, has a compensation package that is contingent on the approval or denial of claims, and bears some of the financial risk of loss for the claims, the administrator has a duty of good faith and fair dealing to the insured.

*Wathor*, 87 P.3d at 562-63.  The Oklahoma Supreme Court modeled its holding in *Wathor* on the Tenth Circuit decision in *Wolf v. Prudential Ins. Co. of America*, 50 F.3d 793 (10th Cir. 1995), which "emphasized that the analysis should focus on the factual question of whether the plan administrator acted sufficiently like an insurer such that there was a 'special relationship' between the plan administrator and the insured that would give rise to the duty of good faith."  *Wathor*, 87 P.3d at 562 (quoting *Wolf*, 50 F.3d at 797).

The district court also examined the Oklahoma Supreme Court's holding in *Oliver v. Farmers Ins. Group of Cos.*, 941 P.2d 985 (Okla. 1997), that "[i]f one corporation is simply the instrumentality of another corporation, the separation between the two may be disregarded and treated as one for the purpose of tort law."  *Id.* at 987.

error even if Mr. Eaves had not responded regarding this issue, since FFIC would not have shown that no genuine issue existed as to any material fact and that it was entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c).

III. Bad Faith Claim Against AAIC.

The district court also erred in granting summary judgment in regard to Mr. Eaves' bad faith claim against AAIC. Like FFIC in connection with the previous issue, AAIC sought to negate an essential element of Mr. Eaves' bad faith claim against it. AAIC asserted that a claim for bad faith would not lie where an insurer could show that it had a justifiable reason for withholding payment under the policy and that "[t]he evidence presented to the District Attorney's office which was sufficient to warrant the filing of arson charges certainly provided the defendant AAIC with a justifiable reason basis for denying the claim." App. at 21-22. AAIC's attempt to negate an essential element of Mr. Eaves' claim was insufficient for two reasons.

First, AAIC presented no evidence supporting its claim. While the record shows that the district attorney's office filed charges against Mr. Eaves for insurance fraud and arson, the charges were a direct result of representations made by FFIC's investigator and would not have been made without those representations. AAIC was not relying on the findings of the district attorney's office in disputing Mr. Eaves' claim; it was relying on evidence produced by its

own investigation. This evidence was not presented in AAIC's motion for summary judgment.

Second, even if evidence of a legitimate dispute had been presented, such a dispute, as stated by the district court, "will not 'act as an impenetrable shield against a valid claim of bad faith' where the insured presents 'sufficient evidence reasonably tending to show bad faith or unreasonable conduct.'" App. at 80 (quoting *Vining v. Enter. Fin. Group, Inc.*, 148 F.3d 1206, 1214 (10th Cir. 1998) ("[A] plaintiff may bring a bad faith cause of action even though a legitimate defense to a breach of contract claim exists if the defendant did not actually rely on that defense to deny payment under the policy.") (further quotations omitted)). Therefore, proof of a legitimate dispute does not negate an essential element of Mr. Eaves' bad faith claim against AAIC, since Mr. Eaves could prove bad faith even if a legitimate dispute existed.

Consequently, AAIC did not meet its initial burden of production with regard to its attempt to negate an essential element of Mr. Eaves' bad faith claim. AAIC made no attempt to affirmatively demonstrate that there was no evidence in the record to support Mr. Eaves' bad faith claim. It did not even make a conclusory allegation to that effect. Therefore, as with the claim against FFIC, even if Mr. Eaves had not responded regarding this issue, summary judgment would have been improper because AAIC did not show "that there [existed] no

genuine issues as to any material fact and that [it was] entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

CONCLUSION

Since the district court's rulings improperly shifted the burden to Mr. Eaves to show a genuine issue of material fact when FFIC and AAIC had failed to meet their initial burden of production, and since AAIC presented no evidence supporting its motion for summary judgment on the breach of contract claim, we hold that the district court erred in granting summary judgment on behalf of AAIC and FFIC.  We therefore REVERSE the judgment of the district court and REMAND for further proceedings consistent with this order and judgment.

Entered for the Court


Michael R. Murphy
Circuit Judge