Patsy Gene ROBERTSON, Appellant,

v.

The CITY OF JONES, Oklahoma, Appellee,

and

The City of Oklahoma City, the Board of County Commissioners of the County of Oklahoma, the Estate of Dr. Moorman Prosser, and Mr. Dwayne Fesler, Defendants.

No. 75206.

Court of Appeals of Oklahoma, Division No. 2.

Dec. 24, 1991.

Rehearing Denied Jan. 21, 1992.

Certiorari Denied June 29, 1992.

R. Thomas Beadles, Beadles and John-son, Oklahoma City, for appellant.

Robert S. Laferrandre, Gerald P. Green, Pierce Couch Hendrickson Johnston & Bay-singer, Oklahoma City, for appellee.

## MEMORANDUM OPINION

MEANS, Presiding Judge.

Plaintiff appeals from a grant of summary judgment in favor of the City of Jones, in this action for damages for personal injury. The trial court found that Defendant City was entitled to immunity under the Governmental Tort Claims Act. Having reviewed the record and applicable law, we affirm.

Plaintiff was travelling southbound on North Choctaw Road, in Oklahoma County, at 1:00 a.m. on September 19, 1988, when she failed to negotiate an unmarked, ninety-degree turn. The result was a single car accident in which Plaintiff sustained injuries. The conditions at the time of the accident were dark and rainy. The City of Jones never posted any warning signs at the corner which Plaintiff failed to negotiate.

Plaintiff alleges that the nature and design of the curve, combined with the lack of any warning signs, constituted a special defect in the roadway. Therefore, Plaintiff alleges that Defendant City was negligent in failing to erect warning signs. On February 16, 1990, the trial court granted summary judgment to Defendant finding that

Plaintiff's action was barred by 51 O.S.Supp.1987 § 155(15).

The State of Oklahoma and its political subdivisions are immune from liability for torts pursuant to the Governmental Tort Claims Act. 51 O.S.Supp.1987 § 152.1(A). This immunity is waived "only to the extent and in the manner provided in this act."

The exceptions to liability are generally found in section 155 and the particular exception upon which the trial court relied in the case at bar is found at subpart 15.

The state or a political subdivision shall not be liable if a loss or claim results from:

. . . .

15. Absence, condition, location or malfunction of any traffic or road sign, signal or warning device unless the absence, condition, location or malfunction is not corrected by the state or political subdivision responsible within a reasonable time after actual or constructive notice or the removal or destruction of such signs, signals or warning devices by third parties, action of weather elements or as a result of traffic collision except on failure of the state or political subdivision to correct the same within a reasonable time after actual or constructive notice. Nothing herein shall give rise to liability arising from the failure of the state or any political subdivision to initially place any of the above signs, signals or warning devices when such failure, alteration or change is the result of a discretionary act of the state or political subdivision. The signs, signals and warning devices referred to herein are those used in connection with hazards normally connected with the use of roadways or public ways and do not apply to the duty to warn of special defects such as excavations or roadway obstructions. . . .

Plaintiff argues that the final sentence of section 155(15) does not exempt City from liability if it failed to initially warn of a special defect in the roadway. Plaintiff interprets the final sentence to mean there is an initial duty to warn when there is a

special defect in the road. However, the sentence is meant to distinguish the signs used for special defects from the signs used to warn of hazards normally connected with the use of roadways. The statute's intention is to give special defects special signs. Signs designating special defects should be signs that are not used for normal hazards associated with roads.

■ Plaintiff argues that the liability exemptions in section 155(15) refer to hazards normally connected to the use of roadways rather than to hazards to which drivers are not normally accustomed, *i.e.*, the lack of a sign warning of a sharp corner. Plaintiff applies her interpretation to the facts and claims that the corner as designed was a special defect not anticipated by the average driver and, therefore, constituted a special defect against which City should have warned. Having failed to initially warn of this special defect, Plaintiff argues City's immunity has been waived and City is subject to tort liability.

Plaintiff leans on the affidavit of John Bates, a licensed and professional traffic engineer, to strengthen her argument that the warningless corner was not a hazard "normally connected to the use of roadways." *Id.* In the affidavit, Bates stated his opinion that the curve, combined with the lack of any warnings or signs indicating such a curve, was a special defect which the average motorist would not normally encounter. The rest of Plaintiff's authorities on this issue come from sister jurisdictions and are not controlling in Oklahoma nor are they persuasive because they do not involve the same statutory construction. Appellant provides no examples from Oklahoma case law to support her contention that a ninety degree corner is a special defect.

The examples given in section 155(15) of what may be considered special defects are excavations or roadway obstructions. These examples are not exclusive but they do have common denominators that would be expected in other examples of special defects. For instance, both indicate something on the roadway, temporary obstructions, and conditions which are not ordinarily found on roadways. A turn in the road is planned and built into the roadway. A turn cannot be considered a special defect; should it be considered so here, roads would become littered with signs of warning to protect each political subdivision in Oklahoma. Nor is a curve in a roadway an uncommon condition or a temporary obstruction. Section 155(15) was meant to relieve City from liability for failing to erect signs.

■ City argues that the second-to-last sentence controls the issue. In this sentence the immunity is extended to City so long as City had never initially acted to warn drivers about the corner. This sentence is dispositive of the issue. City did not recognize the corner to be a special defect; therefore, it had not placed the special warnings associated with special defects nor had it placed any signs. The statute protects City from inaction in this fact scenario.

In *Robinson v. City of Bartlesville Board of Education*, 700 P.2d 1013 (Okla.1985), the Court described the difference between a discretionary act and an act which once begun is required to be maintained to avoid liability by the political subdivision. The Court held:

Action by a municipality is discretionary when it is the result of judgment. The municipality has a discretion to do or not to do a public work or improvement; the duty is, therefore, discretionary up to the time that it is determined to do the work or improvement. After the work is ordered and involves merely the execution of a set task, nothing remains for discretion. The duty of the municipality is then ministerial, that is to say operational, and requires the municipality to do the work with reasonable care and in a non-negligent manner.

*Id.* at 1017.

City was exercising its discretion by not placing a sign at the corner which Plaintiff failed to negotiate. Had City placed a sign at the corner and then the sign had been removed or damaged, replacing or repairing the sign would have been ministerial and failure to do so may have resulted in

an effective tort action against City. However, because City never installed the sign in the first place, it is exempted from liability under section 155(15).

The grant of summary judgment is affirmed for City. A ninety-degree curve in a roadway, coupled with the failure to warn against the curve, cannot be considered a special defect necessitating a warning. Therefore, City cannot be subjected to liability.

RAPP, J., concurs.

BRIGHTMIRE, J., dissents.

BRIGHTMIRE, Judge, dissenting.

I dissent. The majority concludes that the "dispositive" factor is that the "City did not recognize the corner to be a special defect."

Since this is a review of a summary judgment, it is necessary to determine whether there are any material facts in dispute which can support a tort claim against the defendant city. In my opinion there are. The issue is whether, as a mixed matter of law and fact, the city had a duty to post a warning sign in advance of a sharp ninety-degree turn of a rural highway. The legal aspect of the issue involves a determination of whether the complained-of condition constitutes a hazard "normally connected with the use of roadways"—of which the city has no duty to initially warn—or whether it was a "special defect" imposing on the city a duty to warn. *See* 51 O.S.Supp.1990 § 155(15).

In my opinion, a sharp unmarked ninety-degree curve of an improved highway in an unlit fifty-five-mile-an-hour zone is *not* a hazard "normally connected with the use of roadways" and certainly not one a motorist would normally expect to encounter without warning. The question therefore becomes this: Whether such a condition constitutes a "special defect" within the meaning of § 155(15). The examples of unexpected special defects included in § 155(15) are "excavations or roadway obstructions." Another example is, of course, designing and building a rural highway which suddenly makes a sharp ninety-degree turn

without any warning whatsoever. Such a condition is a prime example of a serious and dangerous "special defect."

Whether the condition complained of is a "special defect" is a matter of first impression in this state. Determination of the issue depends upon whether reasonable men viewing the material filed by the plaintiff in a light most favorable to the plaintiff, would differ as to whether the complained-of condition constitutes a special defect. While I believe it very likely they would not differ, it is conceivable they could and therefore the matter is one for jury resolution.