James Lee WALKER, an Individual,
Appellant,

v.

The CITY OF MOORE, Oklahoma,
Appellee.

No. 72233.

Supreme Court of Oklahoma.

May 19, 1992.

Rehearing Denied Oct. 1, 1992.

Patrick M. Ryan, Joe M. Hampton, Ryan, Corbyn & Geister, Oklahoma City, for appellant.

Ted N. Pool, Sherry Blankenship, Pool, Thompson, Coldiron, Blankenship & Vincent, Oklahoma City, for appellee.

ALMA WILSON, Justice:

The central issue in this case is whether jury instructions given by the trial court were confusing or misleading and therefore resulted in prejudicial error. The jury returned a verdict in favor of the City of Moore and judgment was entered in the City's favor by the trial court. The plaintiff, Mr. Walker, appealed. The Court of Appeals affirmed the trial court judgment. Certiorari has previously been granted.

Appellant (Walker) sustained severe injuries when a motorcycle on which he was riding as a passenger collided with another vehicle. The accident occurred on N.W. 27th Street between Shields and Interstate 35 in the City of Moore at about 9:00 p.m. on June 12, 1987. Walker alleges that the cause of the accident was the failure of the City of Moore to adequately and properly layout, mark and maintain N.W. 27th Street.

According to the testimony at trial, the motorcycle carrying Walker as a passenger/rider was traveling along the inside eastbound lane of N.W. 27th Street west of I–35. The automobile involved in the accident entered onto N.W. 27th at a point where there were two westbound lanes and traveled west. The automobile driver testified that she was not from the area; she was unfamiliar with N.W. 27th Street; she was unaware that the two westbound lanes of N.W. 27th Street merged into one lane; and she was improperly traveling in the inside eastbound lane when her automobile struck the motorcycle in a head-on collision.

The evidence established that N.W. 27th Street, at the juncture with I–35, has four traffic lanes, two eastbound and two westbound. Approximately 1000 feet west of I–35, the two westbound lanes merge into one lane. There are no traffic signs posted to warn of the narrowing of the westbound roadway. Motorists are warned of the narrowing of the roadway by pavement markings. At the time of the accident the traffic markings on the pavement were faded in the area where the two westbound lanes of N.W. 27th Street merge into one lane.

On appeal, Walker asserts that seven of the jury instructions were misleading and prejudicial. He objected to each of the challenged instructions before the trial court. The City of Moore responds that the record does not indicate that the jury was misled or confused by the challenged jury instructions and contends that Walker has failed to specifically demonstrate how the instructions created prejudicial error.

■ "A judgment will not be disturbed on appeal because of allegedly erroneous instructions where, considered together, the instructions fairly present the law applicable to the issues raised by the pleadings and the evidence." *Gaither v. City of Tulsa*, 664 P.2d 1026, 1031–32 (Okla.1983); *See also Smith v. U.S. Gypsum Co.*, 612 P.2d 251, 256 (Okla.1980); *Boyles v. Oklahoma Natural Gas Co.*, 619 P.2d 613, 618 (Okla.1980). The appellate court will reverse a jury verdict rendered on erroneous instructions if the record reflects a probability that the jurors were misled and thereby reached a different result than they would have reached but for the error. *Woodall v. Chandler Material Co.*, 716 P.2d 652, 654 (Okla.1986).

We have examined each of the challenged instructions to determine if the instruction were improperly given, and if so, whether the record reflects a probability that the erroneous instruction misled the jury into a different result. Four instructions refer to the motorcycle driver as a plaintiff even though he had been severed from the case and had since died. Those same instructions directed the jury that it may conclude that Walker, the passenger on the motorcycle, was contributorily negligent, even though there was no proof of contributory negligence on his part and the City of Moore did not defend on the theory of contributory negligence. A fifth instruction was unnecessarily repetitious concerning the issue of direct cause. A sixth instruction concerned the defense of assumption of the risk, even though the evidence did not support that instruction. We find that all of these instructions are con-

fusing, but we do not decide the probability that these instructions led to a wrong result as this case must be reversed and remanded because of the fundamental error committed in instruction no. 9.

Walker argues that jury instruction no. 9 inaccurately states the law concerning governmental liability, thereby creating prejudicial error. Instruction no. 9 addresses the very basis of the lawsuit, the Governmental Tort Claims Act, presently codified as 51 O.S.1991, §§ 151–172. Instruction no. 9 provides:

> The state or a political subdivision shall not be liable if a loss or claim results from:
>
>> Performance of or the failure to exercise or perform any act or service which is in the discretion of the state or political subdivision or its employees.
>
> Installation and maintenance of a traffic sign are purely discretionary governmental functions.

Walker contends that the instruction is erroneous because it contains no definition of discretionary versus ministerial functions and the instruction is an inaccurate statement of the law. A jury should not be burdened with the legal definitions of "discretionary" and "ministerial" functions of a political subdivision. Whether an act is discretionary or ministerial is a question of law to be decided by the court. However, we agree that instruction no. 9 is a misstatement of the law applicable to the issues raised, when considered together with all other instructions given.

Title 51 O.S.1991 § 153(A) [1] provides that the state or a political subdivision shall be liable for loss resulting from its torts or the torts of employees committed within the scope of employment where private persons or entities would be liable under the laws of this state. The state and its political subdivisions are specifically exempt from liability if the loss results from the performance or failure to perform a discretionary act or service. 51 O.S.1991, § 155(5). [2] We have previously stated that the discretionary function exemption from governmental liability is extremely limited. *Nguyen v. State*, 788 P.2d 962, 964 (Okla.1990).

> This is so because a broad interpretation would completely eradicate the government's general waiver of immunity. Almost all acts of government employees involve some element of choice and judgment and would thus result in immunity if the discretionary exemption is not narrowly construed. Just as the waiver is not a blue sky of limitless liability, the discretionary exemption is not a black hole enveloping the waiver.

*Nguyen*, 788 P.2d at 964. We noted that the majority approach under the Federal Tort Claims Act, 28 U.S.C. § 1346 (1982), and similar state acts, provides that the initial policy level or planning decisions are considered discretionary and hence exempt from liability, whereas operational level decisions made in the performance of policy are considered ministerial and not exempt from liability. *Nguyen*, 788 P.2d at 964–965. In *Robinson v. Bartlesville Board of Education*, 700 P.2d 1013, 1016–17 (Okla.1985), we held that a political subdivi-

1. The date of the accident giving rise to this action was June 12, 1987. The applicable provisions of the Governmental Tort Claims Act, cited in this opinion with reference to the 1991 codified statutes, have not been amended since the date of the accident.

Section 153(A) provides in part:
The state or political subdivision shall be liable for loss resulting from its torts or the torts of its employees acting within the scope of their employment subject to the limitations and exceptions specified in this act and only where the state or political subdivision, if a private person or entity, would be liable for money damages under the laws of this state. The state or political subdivision shall not be

liable under the provisions of this act for any act or omission of an employee acting outside the scope of his employment. [1985 Okla. Sess.Laws, ch. 357, § 5.]

2. Subparagraph 5 is the discretionary function exemption which is quoted within instruction number 9.

Section 155(5) provides:
The state or a political subdivision shall not be liable if a loss or claim results from:
5. Performance of or the failure to exercise or perform any act or service which is in the discretion of the state or political subdivision or its employees;

sion has discretion in determining whether or not to perform a public work or make an improvement. However, after the work is ordered, the duty to perform the work is ministerial or operational and the work must be done "with reasonable care and in a non-negligent manner." *Robinson,* 700 P.2d at 1017.

■ The City of Moore argues that instruction no. 9 is appropriate in this case because decisions regarding traffic signs, in contrast to road markings, are discretionary and, hence, exempt from liability under 51 O.S.1991, § 155(5). It contends that the § 155(5) exemption applies to both the maintenance and installation of traffic signs, citing *Ochoa v. Taylor,* 635 P.2d 604, 608 (Okla.1981). According to the City of Moore, jury instruction no. 9 quotes *Ochoa* in part: "This Court has already stated that 'police and traffic regulations of such a nature (installation and maintenance of a traffic sign) are purely discretionary governmental functions.'" Citing *Kirk v. City of Muskogee,* 183 Okla. 536, 83 P.2d 594 (1938). In *Kirk v. City of Muskogee,* 183 Okla. 536, 83 P.2d 594, 596 (Okla.1938), this Court distinguished between maintenance of streets in a safe condition and regulation of the use of streets. In that case, we found that there is a duty to maintain streets in a safe condition, even though regulation of the use of the streets is a discretionary act. *Kirk,* 83 P.2d at 596. That is, the maintenance of the markings on the roadway is distinguishable from the discretionary decision to regulate the traffic through the use of road signs or pavement markings.[3]

■ The initial decisions as to the lay out of N.W. 27th Street and the traffic markings were discretionary acts of the City of Moore. However, once the decisions were made, the City of Moore had an obligation to exercise ordinary care and diligence in maintaining the markings on the roadway so as to keep the street in a reasonably safe condition. Maintaining the existing pavement markings, the purpose of which is to warn that two lanes are merging into one lane, is operational and a ministerial function. Negligence in the performance of that ministerial function subjects the City to liability. That is, the maintenance of the existing pavement markings is not within the discretionary exemption of the Governmental Tort Claims Act.

■ Whether an act is discretionary or ministerial for purposes of application of the Governmental Torts Claims Act is a legal issue. The trial court must determine the legal issues and inform the jury of the applicable established rules of law.[4] The instructions informed the jury that Walker alleged negligence by the City of Moore in the design and layout of N.W. 27th Street, in the marking and maintaining the roadway, and in the decision not to place signs along the roadway.[5] The instructions should have clearly informed of the City's possible liability for negligence in failing to maintain the existing pavement markings on N.W. 27th Street where it has actual or constructive notice that the markings had faded. And, in the absence of an instruction specifically informing the jury that the law imposes a duty upon the City of Moore to properly maintain existing pavement markings and subjects the City to liability

**3.** The gist of appellee's argument is that the exercise of ordinary care and diligence in maintaining N.W. 27th Street in a reasonably safe condition is a policy decision (discretionary act) to be determined by the municipality. We reject this argument. Maintenance of streets in a reasonable safe condition is a legal duty of the municipalities of this state.

**4.** *Lambard–Hart Loan Co. v. Smiley,* 115 Okla. 202, 242 P. 212, 213 (1925); and, *Midland Valley R. Co. v. Bailey,* 34 Okla. 193, 124 P. 987 (1912).

**5.** Jury instruction no. 2 set out Walker's allegations, to-wit:

(1) failure to adequately and properly design and layout Northwest 27th Street from the Interstate 35 overpass westbound;
(2) failure to adequately and properly mark Northwest 27th Street from the Interstate 35 overpass westbound;
(3) failure to adequately and properly maintain Northwest 27th Street from the Interstate 35 overpass westbound; and
(4) failure to adequately and properly place signs at the intersection of Northwest 27th and the Interstate 35 frontage road.

for negligence in the performance of that duty, instruction no. 9 is a facial misstatement of the applicable law. Reading the jury instructions together, instruction no. 9 could only have been misleading to the jury. Therefore, we hold that instruction no. 9 constitutes fundamental, reversible error. The judgment of the trial court is REVERSED and the cause is REMANDED for a new trial.

OPALA, C.J., HODGES, V.C.J., and LAVENDER, HARGRAVE, KAUGER and SUMMERS, JJ., concur.

SIMMS, J., dissents.