2013 OK CIV APP 34

**David Allen SMITH, Deceased, by and through Gregory SMITH, Personal Representative, and Thomas L. Grossnicklaus, Plaintiffs/Appellants,**

v.

**CITY OF OKLAHOMA CITY, Defendant/Appellee.**

No. 110924.

Court of Civil Appeals of Oklahoma, Division No. 2.

March 15, 2013.

Howard F. Israel, Oklahoma City, Oklahoma, for Plaintiffs/Appellants.

Richard C. Smith, Jennifer M. Warren, Assistant Municipal Counselors, City of Oklahoma City, Oklahoma City, Oklahoma, for Defendant/Appellee.

JANE P. WISEMAN, Judge.

¶ 1 David Allen Smith, Deceased, by and through Gregory Smith, Personal Representative, and Thomas L. Grossnicklaus (Plaintiffs) appeal from an order of the trial court in this motor vehicle negligence case granting summary judgment in favor of the City of Oklahoma City (Defendant). This appeal proceeds under Supreme Court Rule 1.36, 12 O.S.2011, ch. 15, app. 1, without appellate briefing. After review of the record on appeal, we affirm the trial court's order granting summary judgment in favor of Defendant.

## FACTS AND PROCEDURAL BACKGROUND

¶ 2 At approximately 8:30 p.m., on October 14, 2006, David Allen Smith "was driving northbound on Morgan Road in the vicinity of Northwest 10th Street" in Oklahoma City. Plaintiff Thomas L. Grossnicklaus was a passenger. According to the petition, "the road on which [Smith] was driving terminated abruptly in a ravine" and "Smith, not seeing the road disappear, drove his car off the edge of the ravine." Smith was ejected from the vehicle and died at the scene of the accident. Grossnicklaus asserts serious injuries as a result of the accident.

¶ 3 Plaintiffs brought this action alleging Defendant negligently "attempted to install traffic control devices and lane delineations at the intersection of N.W. 10th and Morgan Road" by installing the traffic light without arrows and placing the "traffic light with a sign indicating opposing traffic from a roadway." Plaintiffs also contend Defendant negligently painted "left and right arrows on the roadway with the center lane indicating straight through traffic." Plaintiffs argue this negligence caused their injuries and resulting damages.

¶ 4 In its answer, Defendant denied any negligence on its part and denied causing any injuries to either Plaintiff. Defendant asserted several affirmative defenses, including contributory negligence on the part of the Decedent driver and exemptions from liability based on provisions of the Oklahoma Governmental Tort Claims Act, 51 O.S.2001 and Supp. 2006 §§ 151–172 (GTCA).

¶ 5 Defendant filed a motion for summary judgment arguing there was no substantial controversy as to any material fact and that it was entitled to judgment as a matter of law. First, Defendant argued summary judgment is appropriate because it owed no duty of care to Plaintiffs because it does not

own the roadway on which the accident took place. Defendant asserts the roadway was a private roadway not open for public travel and was not maintained by Defendant. Defendant also argues it is exempt from liability pursuant to the GTCA from any claims "for failing to install or place any road signs, signals, or warning devices."

¶ 6 In response, Plaintiffs argue material disputed facts exist showing that, despite the fact it was a private road, Defendant took affirmative steps to make it appear as though it was a public road thereby giving rise to a duty of care to Plaintiffs. Plaintiffs also contend the provisions of the GTCA relied on by Defendant do not shield it from liability.

¶ 7 The trial court sustained Defendant's motion for summary judgment "on all grounds as against the Plaintiffs," and Plaintiffs appeal.

## STANDARD OF REVIEW

¶ 8 Title 12, Section 2056(C) on motions for summary judgment provides, "The judgment sought should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." 12 O.S.2011 § 2056(C). Because summary judgment resolves issues of law, we review a district court's grant of summary judgment *de novo*. *U.S. Bank, N.A. ex rel. Credit Suisse First Boston Heat 2005–4 v. Alexander,* 2012 OK 43, ¶ 13, 280 P.3d 936, 939. "All inferences and conclusions are to be drawn from the underlying facts contained in the record and are to be considered in the light most favorable to the party opposing summary judgment." *Id.* "Summary judgment is improper if, under the evidentiary materials, reasonable individuals could reach different factual conclusions." *Id.*

## ANALYSIS

¶ 9 Plaintiffs' sole issue on appeal is whether material issues of fact exist regarding whether Defendant "negligently placed traffic control devices which would lead the average citizen driver to believe that what he was entering was a continuation of a city roadway."

¶ 10 To establish a prima facie case of negligence, a plaintiff must show: "first, that the defendant had a duty to protect the plaintiff from injury; second, that the defendant failed to properly exercise or perform that duty, and third, that the defendant's failure to properly exercise or perform that duty caused the plaintiff's injury." *Craft v. Graebel–Oklahoma Movers, Inc.,* 2007 OK 79, ¶ 27, 178 P.3d 170, 178.

¶ 11 Defendant argues it owed no duty of care to Plaintiffs because it does not own the roadway or the property where the accident occurred, which was approximately one-half mile from the intersection in question. Although Plaintiffs do not dispute the road and property where the accident occurred are not owned by Defendant, it argues Defendant "has undertaken affirmative steps to make it appear that it is" by doing the following:

a.  [Defendant] has placed a four-way stop light at the intersection of Morgan Road controlling, in part, the southbound flow of traffic across NW 10th from the road in question.

b.  As part of its control of this intersection, [Defendant] has also placed sensors on the portion of road in question to activate changes in the four-way traffic signal.

c.  On the southern side of the intersection, [Defendant] has marked off three lanes of traffic, one each indicating east or west turns on NW 10th and the third, positioned between the two, funneling traffic north toward the road in question.

d.  The curb lines on the north boundary of NW 10th curve into the portion of road in question, indicating a natural continuation of city streets and normal traffic flow.

e.  To a driver heading north on Morgan Road, there is no readily appreciable difference between the portion of that road north of NW 10th. In fact, quite the contrary, [Defendant's] markup and traffic controls create the impres-

**522**

sion of ordinary continuity inducing in an unsuspecting driver a false expectation of normalcy.

f. Even the police officers investigating the crash believed the roadway in question was part of [Defendant's] street system.

g. Jim Jackson, an experienced accident reconstruction expert has determined that [Defendant] acted in placing directional signals and acted negligently.

(References to exhibits excluded.)

¶ 12 We concur with those jurisdictions that have concluded that a city in Defendant's position has no duty to protect or warn persons in Plaintiffs' position regarding conditions on a road it does not own, maintain, or control. "'[A] municipality has no duty to maintain in a reasonably safe condition a road it does not own or control unless it affirmatively undertakes such a duty.'" *Molina v. Conklin*, 57 A.D.3d 860, 862, 871 N.Y.S.2d 230 (N.Y.App.Div.2008)(quoting *Ernest v. Red Creek Cent. Sch. Dist.*, 93 N.Y.2d 664, 695 N.Y.S.2d 531, 717 N.E.2d 690, 696 (1999)); *see also Bierner v. City of Truth or Consequences*, 136 N.M. 197, 96 P.3d 322, 326 (N.M.Ct.App.2004)(affirming the grant of summary judgment in favor of a city and concluding that the city, which did not own, maintain, or construct the road, did not owe a general duty with regard to the road and was therefore immune from liability in a negligence action).

¶ 13 It is undisputed that Defendant owns and maintains the paved roadway on three sides of the intersection comprised of Northwest 10th Street (which runs east and west) and the portion of Morgan Road south of the intersection; it does not own the dirt road on the fourth side which runs northbound from the intersection. It is further undisputed that the accident did not occur at the intersection but one-half mile north of the intersection. The evidence in the record appears uncontroverted that Defendant has not installed any signs, arrows, or markings indicating that the roadway is a through street.[1] Defendant asserts it "owed no duty to [Plaintiffs] to maintain the roadway because the incident occurred on property not maintained by [Defendant]." According to Defendant, because it owed no duty to Plaintiffs, it cannot as a matter of law be held negligent for their injuries. There can be no breach of duty where no duty exists. Defendant attaches the affidavit of Dennis Clowers, City Engineer and Director of the Public Works Department since October of 2005, who testified that the road at issue "is not a public roadway" and Defendant has never opened "Morgan Road, north of NW 10th Street for public travel."

¶ 14 Plaintiffs do not rebut this evidence; they do, however, raise the facts quoted above to support their argument that Defendant had the duty to "insure that it did nothing to exacerbate or conceal the danger" of the road because it "owned all streets leading into it" and it took affirmative steps to make it appear as though it owned the road. Plaintiffs have not cited any case law in which a government entity was held to owe a duty to warn or protect the public from potential dangers of a road that it does not own or maintain. We conclude the evidence submitted by Plaintiffs to assert that "affirmative steps" undertaken by Defendant appear to show a public road cannot and do not as a matter of law create an issue of fact as to whether Defendant owed a duty to Plaintiffs regarding a private road which Defendant neither owned nor maintained.

¶ 15 Even if we were to assume Defendant owed Plaintiffs a duty, it would be exempt from liability pursuant to the GTCA, Title 51 section 155(15) which provides:

The state or a political subdivision shall not be liable if a loss or claim results from:

. . . .

---

1. Although Plaintiffs argue that Defendant took affirmative steps to make it appear this dirt road was a public roadway, nothing in the record before us supports this argument. Plaintiffs in their summary judgment response list the traffic light, sensors in the roadway, lane markers on the portion of Morgan Road south of the intersection (which do not include a "through arrow" in the center lane indicating a continuation of the roadway), and the curb lines on the north boundary of Northwest 10th Street as the "affirmative steps" taken by City to make the north portion of Morgan Road look like a public roadway. These are all proper traffic control measures installed by Defendant on property *it owned* to control traffic within the intersection.

15. Absence, condition, location or malfunction of any traffic or road sign, signal or warning device unless the absence, condition, location or malfunction is not corrected by the state or political subdivision responsible within a reasonable time after actual or constructive notice or the removal or destruction of such signs, signals or warning devices by third parties, action of weather elements or as a result of traffic collision except on failure of the state or political subdivision to correct the same within a reasonable time after actual or constructive notice. *Nothing herein shall give rise to liability arising from the failure of the state or any political subdivision to initially place any of the above signs, signals or warning devices.* The signs, signals and warning devices referred to herein are those used in connection with hazards normally connected with the use of roadways or public ways and do not apply to the duty to warn of special defects such as excavations or roadway obstructions;

51 O.S. Supp.2006 § 155(15)(emphasis added).[2]

¶ 16 The Oklahoma Supreme Court in *Teeter v. City of Edmond,* 2004 OK 5, 85 P.3d 817, applied this provision of the GTCA in a case in which a pedestrian was struck by an automobile as she crossed a four-lane street near a state university campus. *Id.* at ¶ 2, 85 P.3d at 819. The plaintiff brought a lawsuit against the City of Edmond for failing to properly maintain the crosswalk and against the University of Central Oklahoma for breaching its "duty to install additional traffic signs to create a different and safer crosswalk on a public street not maintained by the University." *Id.* at ¶ 1, 85 P.3d at 819. Applying § 155(15), the Supreme Court held that the plaintiff's negligence claim against the City based on a failure to initially place additional signs and warning devices was barred by § 155(15) of the GTCA. *Id.* at ¶¶ 12–14, 85 P.3d at 821–22. Similarly, the Supreme Court held that even if it assumed the University undertook a duty to provide a safe crosswalk, it would be exempt from liability pursuant to § 155(15):

> Because § 155(15) provides that no negligence-based liability rises from the failure to initially place road signs or warning devices, the [plaintiff's] claim that the University breached its alleged duty to create a safe crosswalk by failing to place additional signs, lights, or warning devices is barred by § 155(15) of the [GTCA].

*Id.* at ¶ 23, 85 P.3d at 824. Similarly, in *Robertson v. City of Jones,* 1991 OK CIV APP 133, 832 P.2d 432, the Court of Civil Appeals held a plaintiff's failure to negotiate an unmarked 90 degree turn on a road resulting in an accident was not a special defect requiring the city to install a warning signal. *Id.* at ¶ 10, 832 P.2d at 434. Because no warning signs or signals were initially installed, the Court held the city was immune from liability pursuant to § 155(15) and affirmed the trial court's entry of summary judgment. *Id.* at ¶¶ 12–13, 832 P.2d at 434–35.

¶ 17 We find the same to be true in this case. It is undisputed that Defendant never, initially or otherwise, constructed any warning signs or road markings on Morgan Road, north of NW 10th Street. Dennis Clowers testified that "[p]rior to October 14, 2006, [Defendant] had not placed any warning signs or road markings on Morgan Road, north of NW 10th Street" and "has no record of any warning signs or road markings on Morgan Road, north of NW 10th Street, ever being present." Thus, Defendant cannot be held liable for the failure to place a warning sign because § 155(15) of the GTCA exempts it from liability for the failure to initially place any road markings or warning devices. Also, the initial decision to install a traffic light at the intersection was a discretionary decision exempt from liability pursuant to § 155(5).[3] *See also Walker v. City of Moore,*

2. The "provisions of the [GTCA] applicable in a particular controversy are those in effect when the alleged injuries occurred." *Teeter v. City of Edmond,* 2004 OK 5, n. 2, 85 P.3d 817.

3. This provision found at 51 O.S. Supp.2006 § 155(5) states:

> The state or political subdivision shall not be liable if a loss or claim results from:
> . . . .
> 5. Performance of or the failure to exercise or perform any act or service which is in the discretion of the state or political subdivision or its employees.

1992 OK 73, 837 P.2d 876 (concluding the initial decision as to the layout of traffic markings at an intersection are discretionary acts exempt pursuant to § 155(5)). The trial court's decision granting Defendant's motion for summary judgment is affirmed.

## CONCLUSION

¶ 18 After reviewing the record and applicable law in this accelerated appeal, we conclude the trial court properly granted Defendant's motion for summary judgment, and we therefore affirm.

¶ 19 **AFFIRMED.**

BARNES, V.C.J., and FISCHER, P.J., concur.