REEVES v. CITY OF DURANT



 

 
 
 
 
 
 Skip to Main Content
 Accessibility Statement
 
 
 
 
 
 Help
 Contact Us
 
 
 
 
 e-payments
 Careers
 
 
 
 
 
 
 
 
 
 
 
 Home
 Courts
 Decisions
 Programs
 News
 Legal Research
 Court Records
 Quick Links
 
 
 
 
 
 OSCN Found Document:REEVES v. CITY OF DURANT

 

 
 



 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 

 
 REEVES v. CITY OF DURANT
2019 OK CIV APP 12
435 P.3d 140
Case Number: 116778
Decided: 08/02/2018
Mandate Issued: 02/27/2019
DIVISION IV
THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION IV
Cite as: 2019 OK CIV APP 12, 435 P.3d 140

 

AMY REEVES, Plaintiff/Appellant,
v.
CITY OF DURANT, Defendant/Appellee,
and
OKLAHOMA GAS AND ELECTRIC COMPANY, Defendant.

APPEAL FROM THE DISTRICT COURT OF
OKLAHOMA COUNTY, OKLAHOMA

HONORABLE RICHARD C. OGDEN, TRIAL JUDGE

AFFIRMED

Jack S. Dawson, MILLER DOLLARHIDE, P.C., Oklahoma City, Oklahoma, for Plaintiff/Appellant

David Kirk, Robert Ray Jones, Chantel James, LYTLE SOULÉ & CURLEE, P.C., Oklahoma City, Oklahoma City, for Defendant/Appellee City of Durant
and
Jennifer Castillo, OKLAHOMA GAS AND ELECTRIC COMPANY, Oklahoma City, Oklahoma, for Defendant Oklahoma Gas and Electric Company

KEITH RAPP, JUDGE:

¶1 Plaintiff, Amy Reeves, appeals a trial court Journal Entry of Judgment sustaining the Motion to Dismiss of defendant, City of Durant. This appeal proceeds under the accelerated docket pursuant to Oklahoma Supreme Court Rule 1.36, 12 O.S. Supp. 2017 ch. 15, app. 1. After review of the record on appeal and applicable law, this Court affirms.

BACKGROUND

¶2 On November 23, 2014, Plaintiff was injured when she was struck by a vehicle driven by Jason Schaming while crossing a street in Durant, Oklahoma. Plaintiff alleges inadequate street lighting at the intersection caused the accident. Plaintiff claims Mr. Schaming was unable to see Plaintiff crossing the street because of the inadequate street lighting and could not avoid the collision.

¶3 Plaintiff filed a First Amended Petition[1] on December 29, 2016, alleging a cause of action for negligence against defendants, City of Durant and Oklahoma Gas and Electric Company (OG&E), for failure to keep the streetlight lit. Plaintiff alleged "the accident was caused in whole or in part by inadequate lighting due at the intersection." Plaintiff further alleged Defendant had a duty to install and maintain street lighting and once it undertook this duty, it had to do so in a manner that complied with industry standards for lighting.

¶4 Defendant City of Durant filed a Motion to Dismiss pursuant to 12 O.S. 2011 § 2012(B)(6).[2] Defendant argued it had "no duty to install or maintain streetlights" and, therefore, Plaintiff could not establish a negligence claim. In the alternative, Defendant argued the Oklahoma Supreme Court in Ochoa v. Taylor, 1981 OK 120, 635 P.2d 604, held that the installation and maintenance of streetlights is a discretionary act and a city is exempt from liability under the GTCA, specifically 51 O.S. Supp. 2017 § 155(5).

¶5 In response, Plaintiff argued Defendant is not exempt from liability under the discretionary exemption of the GTCA because the duty to maintain streetlights that have already been installed is an operational function, not a discretionary one. Plaintiff further alleged that once Defendant had notice of the defective streetlight, it had a duty to fix the defective streetlight.

¶6 On September 27, 2017, Plaintiff filed a Motion to Certify Order of Dismissal for Immediate Appeal. In response, Defendant asked the trial court to deny Plaintiff's request to certify because all of Plaintiff's claims against the defendants arise out of the same transaction or occurrence. In addition, Defendant alleged Plaintiff had not shown the second element of certification, "no just reason for delay."

¶7 The trial court entered a Journal Entry of Judgment on January 19, 2018, sustaining Defendant's Motion to Dismiss and overruling OG&E's Special Appearance and Motion to Dismiss. The trial court also found "there is no just reason for delay, and this Journal Entry shall constitute a final judgment, decree or order as to the City of Durant" per 12 O.S.2011 § 994.

¶8 Plaintiff appeals.

STANDARD OF REVIEW

¶9 This Court reviews a trial court's order granting a motion to dismiss de novo. Wilson v. State ex rel. State Election Bd., 2012 OK 2, ¶ 4, 270 P.3d 155, 157. In a traditional motion to dismiss, the trial court "must take as true all of the challenged pleading's allegations together with all reasonable inferences which may be drawn from them." Tuffy's Inc. v. City of Oklahoma City, 2009 OK 4, ¶ 6, 212 P.3d 1158, 1162. Motions to dismiss are generally disfavored. Id. at 1163. "The purpose of a motion to dismiss is to test the law that governs the claim (in litigation), not the underlying facts." May v. Mid-Century Ins. Co., 2006 OK 100, ¶ 10, 151 P.3d 132, 136 (footnote omitted).

ANALYSIS

¶10 First, this Court notes Defendant argues the trial court erred in certifying the order as a final order and one ripe for immediate appeal. However, Defendant did not appeal this issue and this Court will, therefore, not address it.

¶11 On appeal, Plaintiff argues the trial court erred in finding maintenance of a streetlight is a discretionary function, and not an operational or ministerial one, and that Defendant was exempt from liability under the GTCA. Plaintiff also argues the trial court erred in holding that Defendant did not have a duty to maintain the streetlight.

¶12 Subject only to the GTCA's specific limitations and exceptions, the GTCA waives the immunity of governmental entities for torts. Tuffy's, Inc. v. City of Oklahoma City, 2009 OK 4 ¶ 7, 212 P.3d at 1163. These exemptions are narrowly construed. Nguyen v. State of Oklahoma, 1990 OK 21, ¶ 4, 788 P.2d 962, 964. Defendant maintains that it falls under the discretionary function exemption from liability provided in 51 O.S. Supp. 2017 § 155(5) because installation and maintenance of the streetlights is a discretionary function. Plaintiff claims Defendant is not immune from liability because maintenance of the streetlight is an operational or ministerial function.

¶13 "Whether an act is discretionary or ministerial for purposes of application of the [GTCA] is a legal issue." Walker v. City of Moore, 1992 OK 73, ¶ 13, 837 P.2d 876, 879. "[D]iscretionary immunity must be narrowly construed." Robinson v. City of Bartlesville Bd. of Educ., 1985 OK 39, ¶ 11, 700 P.2d 1013, 1016.

¶14 Section 155(5) provides that a governmental entity will not be liable for a loss or claim resulting from "[p]erformance of or the failure to exercise or perform any act or service which is in the discretion of the state or political subdivision or its employees." This specific exemption is referred to as the discretionary function exemption.

¶15 Defendant relies on Ochoa v. Taylor, 1981 OK 120, 635 P.2d 604, to support its argument that it is exempt from liability under the GTCA.

¶16 The Oklahoma Supreme Court in Ochoa decided the issues before this
Court ( (1) whether the installation and maintenance of street or area lighting is a discretionary act or a ministerial one; and (2) whether a municipality has a duty to install and/or maintain streetlights. In Ochoa, the Oklahoma Supreme Court held "that the installation and maintenance of street or area lighting is a discretionary act or service of a political subdivision and therefore exempt from liability under 51 O.S. Supp. 1979 § 155(5)." Ochoa, 1981 OK 120 ¶ 15, 635 P.2d at 608. The Oklahoma Supreme Court further held the City in Ochoa "owed no common law or statutory duty to install and maintain street lighting." Ochoa, 1981 OK 120 ¶ 10, 635 P.2d at 607.

¶17 This Court is bound by the holding in Ochoa. Wimberly v. Buford, 1983 OK 25, 660 P.2d 1050; see also Bays Exploration, Inc. v. Jones, 2010 OK CIV APP 28, ¶ 14, 230 P.3d 907, 910 ("It is axiomatic the Court of Civil Appeals cannot overrule an opinion of the Oklahoma Supreme Court and we are thus bound by its previous decisions.") Although the Supreme Court has focused its analysis in other factual situations on the dichotomy between discretionary functions and ministerial or operational functions, it has not disturbed its holdings in Ochoa that (1) the political subdivision did not have a duty to install and maintain street lighting; and (2) installation and maintenance of street or area lighting is a discretionary act, not a ministerial act.[3]

¶18 Pursuant to the Oklahoma Supreme Court's holding in Ochoa, this Court finds the City's installation and maintenance of the streetlight near the intersection involved in the accident was a discretionary function and City is thus exempt from liability under 51 O.S. Supp. 2017 § 155(5). This Court further finds City did not have a duty to maintain the streetlight. Therefore, the trial court did not err in finding Plaintiff failed to state a claim against Defendant and in sustaining Defendant's motion to dismiss.

¶19 AFFIRMED.

GOODMAN, J., concurs by reason of stare decisis, and BARNES, P.J., dissents.

BARNES, P.J., dissenting:

¶1 I respectfully dissent. I agree with the Majority that the policy-level decision of a municipality to illuminate an intersection with a streetlight constitutes a shielded discretionary act; however, I disagree that the day-to-day maintenance or operation of a streetlight in the execution of that policy-level decision is also a discretionary function under 51 O.S. 2011 & Supp. 2017 § 155(5). Such a construction of § 155(5) results in an absurdity because it categorizes as discretionary the actions of lower-level employees carrying out the commands of a political body. Such a construction also runs contrary to the Oklahoma Supreme Court's admonition that "[i]mmunity for discretionary acts . . . must be narrowly construed." Gunn v. Consol. Rural Water & Sewer Dist. No. 1, Jefferson Cnty., 1992 OK 131, ¶ 11, 839 P.2d 1345 (footnote omitted).

¶2 Indeed, the Majority appears to agree that § 155(5) only exempts a governmental entity from liability from initial policy-level or planning decisions. The Majority acknowledges that "the Supreme Court has focused its analysis" in recent decades "on the dichotomy between discretionary functions and ministerial or operational functions[.]" For example, the Supreme Court has noted that "a governmental entity has discretion in determining whether to perform a public work or to make an improvement; but once the work is ordered, the duty to perform it is ministerial or operational and must be done with reasonable care and in a non-negligent manner." Gunn, ¶ 11 n.31 (internal quotation marks omitted) (citation omitted). In addition,

the layout of a street and its traffic markings are discretionary acts, but maintenance of existing pavement markings is an operational and ministerial function outside the § 155(5) exception. Initial policy-level or planning decisions are typically considered discretionary and exempt from liability; on the other hand, operations-level decisions made in the execution of policy are viewed as nonexempt ministerial duties.

Id. (emphasis added) (citation omitted). See also Gilmore v. Bd. of Comm'rs of Logan Cnty., 2006 OK CIV APP 125, ¶ 11, 147 P.3d 296.

¶3 Nevertheless, the Majority concludes this otherwise established analysis does not apply to this case because of the holding in Ochoa v. Taylor, 1981 OK 120, 635 P.2d 604. While I agree that certain language found in Ochoa appears, at first glance, to undercut and render inapplicable the discretionary/ministerial dichotomy to the circumstances of the present case, I believe a closer reading of the Ochoa opinion in its entirety and in light of its particular facts shows it to be consistent with the more recent Supreme Court opinions. As pointed out by the Majority, the Ochoa Court did state "that the installation and maintenance of street or area lighting is a discretionary act or service of a political subdivision and therefore exempt from liability under [§ 155(5)]"; however, immediately following this sentence the Ochoa Court provided the following clarification: "the question whether the street shall be lighted is left to the discretion of the municipality." Ochoa, ¶ 15 (emphasis added). Importantly, the plaintiff in Ochoa appears to have been complaining that the municipalities in question failed altogether "to install and maintain" any street lighting. Ochoa, ¶ 2 ("Ochoa alleged that the Cities . . . were negligent because of their failure, at the accident location, . . . to install and maintain street and area lighting.").[4] In other words, the plaintiff was attacking the discretionary, policy-level decisionmaking of the municipalities (i.e., their decision to not "install and maintain" lighting, or their failure to even consider "installing and maintaining" lighting), not the ministerial execution of the political subdivision's previous decision to install and maintain lighting.

¶4 Moreover, a position similar to that taken by the Majority in the present case was taken by the municipality in Walker v. City of Moore, 1992 OK 73, 837 P.2d 876, but rejected by the Oklahoma Supreme Court. In Walker, the municipality argued "that the § 155(5) exemption applies to both the maintenance and installation of traffic signs, citing Ochoa[.]" Walker, ¶ 11. However, the Supreme Court disagreed with this reading of Ochoa, stating:

[T]he maintenance of the markings on the roadway is distinguishable from the discretionary decision to regulate the traffic through the use of road signs or pavement markings.

The initial decisions as to the lay out of N.W. 27th Street and the traffic markings were discretionary acts of the City of Moore. However, once the decisions were made, the City of Moore had an obligation to exercise ordinary care and diligence in maintaining the markings on the roadway so as to keep the street in a reasonably safe condition. Maintaining the existing pavement markings, the purpose of which is to warn that two lanes are merging into one lane, is operational and a ministerial function. Negligence in the performance of that ministerial function subjects the City to liability. That is, the maintenance of the existing pavement markings is not within the discretionary exemption of the Governmental Tort Claims Act.

Walker, ¶¶ 11-12 (footnote omitted).

¶5 I agree it is possible that, at the policy or planning level, a political subdivision might decide, for example, to illuminate only some of its existing streetlights and not others, or even to stop turning on any of its existing streetlights. Such decisions might be made at the planning or policy level to, for example, cut costs. A political subdivision might also decide not to install lighting in a certain area, or may fail altogether to even consider installing lights in a certain area. Damage resulting from such decisions (or indecision) of a political body would be exempt under § 155(5). However, if existing streetlights are not functioning because of the negligent execution at the ministerial or operational level of a policy-level decision, I disagree that such negligence constitutes a policy-level discretionary act shielded under § 155(5).

¶6 In the present case, Plaintiff alleges she was "crossing the street at [an] intersection" when she was struck by a vehicle "because the street light was out at the intersection and [the driver of the vehicle] could not see Plaintiff in enough time to avoid hitting her." It is unclear at this, the pleading stage of the case, precisely why the streetlight was out. However, "[m]otions to dismiss are generally disfavored and granted only when there are no facts consistent with the allegations under any cognizable legal theory or there are insufficient facts under a cognizable legal theory." Wilson v. State ex rel. State Election Bd., 2012 OK 2, ¶ 4, 270 P.3d 155 (citation omitted).

¶7 In my opinion, the Majority has misread Ochoa and should apply the analysis found in analogous Oklahoma Supreme Court decisions, such as Walker, decisions which hinge on the dichotomy between discretionary and ministerial functions. I would reverse the trial court's order granting the motion to dismiss of the City, and remand for further proceedings.

FOOTNOTES

[1] The trial court dismissed Plaintiff's Petition without prejudice with leave to amend and ordered Plaintiff to file an Amended Petition within twenty days of the date of the order dismissing the Petition. Plaintiff's Petition did not set forth the requisite facts necessary to demonstrate compliance with the Oklahoma Governmental Tort Claims Act (GTCA), 51 O.S.2011 and Supp. 2017 §§ 151-200.

[2] Defendant OG&E filed a Motion to Dismiss on January 18, 2017. OG&E's Motion to Dismiss is not included in the appellate record and is not a part of this appeal.

[3] This Court is aware of Ritson v. Bd. of County Comm'rs, Case No. 143,795, an unpublished Opinion of this Court interpreting the language in Ochoa, in light of subsequent Oklahoma Supreme Court cases discussing the deferential/ministerial analysis, to mean that the initial decision to install and maintain lighting is a discretionary function, "but the execution of that initial decision i.e., the actual maintenance and operation of the lighting, a ministerial act -- is not exempt as a discretionary act under the GTCA." This Court does not follow the rationale in Ritson because it is bound by the Oklahoma Supreme Court's holding in Ochoa.

[4] It appears that the confusing phrase "installation and maintenance" in paragraph fifteen of Ochoa was merely taken from the argument of the plaintiff, who argued, as quoted above, that the municipalities "were negligent because of their failure, at the accident location, . . . to install and maintain street and area lighting."






 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Court of Civil Appeals Cases
 Cite
Name
Level

 2006 OK CIV APP 125, 147 P.3d 296, GILMORE v. BOARD OF COMMISSIONERS OF LOGAN COUNTY
Discussed
 2010 OK CIV APP 28, 230 P.3d 907, BAYS EXPLORATION, INC. v. JONES
Discussed
Oklahoma Supreme Court Cases
 Cite
Name
Level

 1990 OK 21, 788 P.2d 962, 61 OBJ 674, Nguyen v. State
Discussed
 1992 OK 73, 837 P.2d 876, 63 OBJ 1518, Walker v. City of Moore
Discussed at Length
 1992 OK 131, 839 P.2d 1345, 63 OBJ 2649, Gunn v. Consolidated Rural Water & Sewer Dist. No. 1
Discussed
 2006 OK 100, 151 P.3d 132, MAY v. MID-CENTURY INSURANCE COMPANY
Discussed
 2009 OK 4, 212 P.3d 1158, TUFFY'S, INC. v. CITY OF OKLAHOMA CITY
Discussed at Length
 2012 OK 2, 270 P.3d 155, WILSON v. STATE ex rel. STATE ELECTION BOARD
Discussed at Length
 1981 OK 120, 635 P.2d 604, Ochoa v. Taylor
Discussed at Length
 1983 OK 25, 660 P.2d 1050, Wimberly v. Buford
Discussed
 1985 OK 39, 700 P.2d 1013, 56 OBJ 1143, Robinson v. City of Bartlesville Bd. of Educ.
Discussed
Title 12. Civil Procedure
 Cite
Name
Level

 12 O.S. 994, Procedure When There is More Than One Claim or Party - Final Judgment
Cited
 12 O.S. 2012, Defenses and Objections - When and How Presented - By Pleading or Motion
Cited
Title 51. Officers
 Cite
Name
Level

 51 O.S. 155, Exemptions From Liability
Discussed at Length


 
 








 
 
 
 

 
 

 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA